John W. GIBSON et al., Appellants,

v.

The CITY OF ORANGE et al., Appellees.

No. 5038.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 4, 1954.

Rehearing Denied Dec. 1, 1954.

Keith, Mehaffey & McNichols, Beaumont, for appellants.

Hustmyre, Bruce & McKee, E. L. Reid, Orange, for appellees.

WALKER, Justice.

Orange, Texas, is a home rule city and this proceeding is a contest of an election at which a series of amendments to that city's charter was adopted. The contest is limited to the third proposition on the ballot, which reads:

"Shall Article IX be repealed and Articles III, V, VII, X, and XI be amended to adopt a Commission-Manager form of government and to enumerate the authority and duties of the Mayor, Board of Commissioners and City Manager."

"Yes"

"No."

The trial court's judgment denied the contest and appellants assign as error, under the only Point of Error filed, that the third proposition submits more than one subject, in violation of that provision of Article 1170, V.A.T.S., which reads as follows: "Every amendment submitted must contain only one subject, and in preparing the ballot for such amendment, it shall be done in such manner that the voter may vote 'Yes' or 'No' on any amendment or amendments without voting 'Yes' or 'No' on all of said amendments."

The several amendments enumerated in the third proposition are too long to copy but the proposition accurately describes the object and effect of these amendments. The Mayor was the chief executive officer under the former charter but these amendments create the office of City Manager and make him the chief executive officer. This change required changes in form throughout the charter, and the reallocation of powers and duties required changes in substance. Other changes were incidental to and directly connected with these. These comments show that the amendments referred to in the third proposition are all logically related and it is our conclusion, indeed, that the connection was so close that effective administration of the city's business required these amendments to be adopted or rejected as a whole. And it is not clear to us that the changes made by this group of amendments could have been properly submitted in any other way. If the third proposition had been subdivided, amendments pertaining only to powers must have been conditioned upon adoption of an amendment creating the offices to exercise those powers since otherwise an adopted amendment specifying powers might have been left without an office to enforce it. And this would not have been enough to avoid the possibility of mutilating the charter because some arrangement must have been made to take care of the possibility that an amendment creating an office would be adopted while one specifying powers for that office would be rejected, leaving the new office to operate under an old charter provision which referred to the old offices and to the allocation of powers made between the old offices. The method of submission adopted has its dangers but any other would have involved a highly intricate series of conditional and alternative propositions which a voter would have had difficulty in following. We have not considered the question, whether such an alternative and conditional submission of propositions can be made, but we think that the difficulties mentioned have some bearing on the meaning to be given the provision quoted above from Article 1170. It is our conclusion that the third proposition actually expresses only one general subject, which it fairly indicates and describes, and that all of the amendments enumerated in this proposition are within this subject. See State ex rel. Duniway v. City of Portland, 65 Or. 273, 133 P. 62; Munch v. Tusa, 140 Neb. 457, 300 N.W. 385; State ex rel. City of St. Louis v. Hall, 335 Mo. 1097, 75 S.W.2d 578.

While the provision quoted from Article 1170 is that "every amendment submitted must contain only one subject," the word "amendment" can be broadly construed as meaning a change accomplished by several amendments of as many charter provisions; it need not be limited to a change in a word, sentence, or paragraph. This broader construction would accomplish the apparent purpose of this statute if the several amendments submitted in one proposition actually do constitute a single subject; and we therefore construe this statute as authorizing several amendments of as many charter provisions to be submitted in one proposition where all of these amendments are connected as are the several mentioned in the third proposition now under review. See Garitty v. Halbert, Tex.Civ. App., 235 S.W. 231; Edwards v. Murphy, Tex.Civ.App., 256 S.W.2d 470.

Appellants' criticisms of the form of the third proposition were not alleged as a ground of contest, and, we infer, do not represent an independent ground of error since no point of error embodying these criticisms has been filed. However, the ordinance directing the submission of these amendments was published and since it contained both the amendments mentioned in the third proposition and this proposition, itself, the voters should not have been misled by the third proposition. Instead, if publication is any guarantee of notice, they should have been informed as to the details of the subject submitted in the third proposition.

Appellants' Point of Error is overruled and the judgment of the trial court is affirmed.