STATE of Texas ex rel. CITY OF WEST ORANGE et al., Appellants,

v.

CITY OF ORANGE, Appellee.

No. 6106.

Court of Civil Appeals of Texas.

Beaumont.

March 28, 1957.

Rehearing Denied April 17, 1957.

Robert L. Sonfield, Houston, John O. Young, Orange, for appellant.

Marlin Thompson, Orange, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Orange County, declaring certain territory to be duly annexed by the City of Orange.

The City of Orange was incorporated as a Home Rule city in 1914. The Home Rule Charter of the City of West Orange was adopted May 19, 1956. Prior to that time, since August 23, 1954, the City of West Orange operated as a municipal corporation under the general laws. The City of Orange, on September 9, 1952, passed an annexation ordinance annexing territory to the west of its original city limits; on May 19, 1952 it passed an ordinance annexing a part of Roselawn Addition and on April 27, 1953 it passed an ordinance annexing a part of Roselawn Addition, and on January 14, 1954, it passed an ordinance annexing all of Roselawn Addition. Such Roselawn Addition did not of itself lie adjacent to the original city limits of the City of Orange. The City of Orange annexed in said ordinances McArthur Drive, a portion of U. S. Highway 90 and State Highway 87, a highway which is 150 or 200 feet wide. By such annexation ordinances the City of Orange used McArthur Drive as a stem connecting the City of Orange with such Roselawn Addition, which is approximately 4,000 feet to the west. This addition contains 400 or 500 homes.

On July 20, 1954, the voters of the City of Orange adopted amendments to the Charter of the City of Orange, by which amendments the Commission-City Manager Plan of municipal administration was adopted. Other amendments adopted at the same time authorized the City of Orange to annex adjacent territory by ordinance and other procedure.

On February 14, 1956 the City of Orange passed an ordinance annexing territory which is adjacent to territory previously annexed, including Roselawn Addition, but which territory was not adjacent to the original boundaries of the City of Orange.

On February 16, 1956, the City of West Orange passed an ordinance, which was amended by an ordinance passed February 17, 1956, annexing territory adjacent to its City boundaries but which included territory included in the annexation ordinance passed by the City of Orange, February 14, 1956.

March 13, 1956 the City of Orange amended its February 14, 1956 ordinance by removing from said ordinance certain area previously included.

By separate annexation ordinances adopted March 19, 1956, March 26, 1956, and May 3, 1956, the City of West Orange annexed other territory in the same general vicinity.

May 19, 1956 the City of West Orange adopted its Home Rule Charter, which included within its boundaries a portion of the territory previously included in the final annexation ordinance passed by the City of Orange May 18, 1956.

After all various ordinances of annexation, with their amendments, were passed and adopted by both the City of Orange and the City of West Orange, one section of territory was found to be included by the annexation ordinances of both municipalities and such territory was the subject of dispute in this lawsuit.

The City of Orange, appellee, filed its suit, asking for declaratory judgment, seeking a judgment declaring valid its annexation ordinance of the disputed territory, alleging that because of the conflict of territory set forth in the Home Rule Charter of the City of West Orange, adopted May 19, 1956, with the boundaries of territory annexed by City of Orange, the Home Rule Charter of the City of West Orange was void. Appellant City of West Orange filed a plea in abatement, answer and cross action. The State of Texas, acting through John O. Young, County Attorney of Orange County, intervened by quo warranto on behalf of the City of West Orange. Later on application, order and supplemental petition, the State of Texas, through John O. Young, County Attorney, intervened by quo warranto in behalf of the City of Orange. Thereafter, John O. Young, County Attorney, filed a motion praying that his intervention and petition in quo warranto in behalf of the City of Orange, appellee, should be stricken and annulled and that he be permitted to withdraw as representative of the State of Texas on relation of the City of Orange and continue as representative of the State of Texas on relation of the City of West Orange and its officials. This motion was granted by the Court. The appellants City of West Orange et al., in their amended plea in abatement, answer and cross action, contended, and contend now on appeal, that the amendments to the original charter of the City of Orange were such that upon adoption thereof the amended charter constituted a new charter, and that the proper procedure had not been followed for the adoption of a new charter; that if such amendments to the charter of the City of Orange were amendments, then the election by which such amendments were adopted was void and of no effect, because the methods of submitting such charter amendments on the ballot were improper and illegal, and in violation of Article 1170, Vernon's Annotated Civil Statutes; that the annexation efforts made by the City of

Orange were not made in conformity with the requirements of the original charter of the City of Orange before adoption of the allegedly void amendments thereto; that the description of the territory sought to be annexed by the City of Orange was not legally sufficient; that the territory sought to be annexed was not adjacent to the "pre-existing boundaries of the City of Orange," but is connected thereto only by the public highway known as McArthur Drive, which is part of U. S. Highway 90 and State Highway 87; that the attempt by the City of Orange to attack the annexation by the City of West Orange, being made without joinder by the state is a collateral attack thereon and it may not be thus maintained; that the disputed territory was not properly annexed by the City of Orange and therefore was properly annexed by the City of West Orange.

This plea in abatement was not immediately ruled upon by the trial court but was taken under consideration with the trial of the case on the facts. The case was tried before the court without a jury, and at the conclusion of the trial the court rendered judgment in favor of the City of Orange, appellee.

In the judgment the trial court overruled the appellants' plea in abatement and thereafter ordered, adjudged and decreed, and the court found, declared and determined the following:

"1. That the amendments to the original Charter of the City of Orange constitute in fact amendments as distinguished from a new Charter, were legally adopted, and constitute a part of the Charter of the City of Orange.

"2. That the description of the territory sought to be annexed by the City of Orange in the various annexation ordinances, although defective and contains incorrect calls, it is sufficiently certain and definite to determine what territory was in fact annexed, and is legally sufficient.

"3. Although Rose Lawn Addition is joined to the original City limits of the City of Orange only by United States Highway 90 and 87 which is approximately 200 feet in width, and it was necessary for the City in the ordinances annexing the said Addition, in order to reach the said land sought to be annexed, to include therein the entire length of the said United States Highway up to a point where it borders upon the land to be taken into the City limits and then extends out to take in such lands, the said Rose Lawn Addition constituted 'territory lying adjacent to said City' within the legal meaning of that term, all such annexation ordinances are legal, and the territory described therein comprises a part of the City of Orange.

"4. That the territory sought to be annexed by the City of Orange in the various other ordinances introduced in evidence at the trial of this cause, constitutes 'territory lying adjacent to said City', within the legal meaning of that term, all such annexation ordinances are legal, and the territory comprises a part of the City of Orange.

"5. Although the territory sought to be annexed by the various other ordinances introduced in evidence at the trial of this cause is joined to the original City limits of the City of Orange only by United States Highway 90 and 87 which is approximately 200 feet in width, and included therein the entire length of the said highway up to a point where the highway borders upon the land to be taken into the City limits and then extends out to take in such territory, such annexations are nevertheless in all respects legal, and the territory comprises a part of the City of Orange.

"6. That, insofar as concerns the territory sought to be annexed by both the City of Orange and the City of West Orange, the City of Orange first acquired jurisdiction over such territory, and, having first acquired such jurisdiction, the annexations thereof by the City of Orange are legal, and the attempted annexations by the City of West Orange, as to that part of the territory in conflict, but only

as to the part in conflict, are without legal effect, and such territory constitutes a part of the City of Orange.

"7. That the original incorporation of the City of West Orange is in all respects legal and valid.

"8. That the City of West Orange duly and legally, by proper ordinance, adopted Title 28 of the Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. art. 961 et seq.].

"9. That the Charter of the City of West Orange was duly and legally adopted, is a valid Home Rule Charter, and the City of West Orange is legally operating thereunder.

"10. The territory described in the Home Rule Charter of the City of West Orange and in the various annexation ordinances introduced in evidence at the trial of this cause, legally comprises the territory of the City of West Orange, except as to that part of the territory annexed by the City of Orange as shown by the various ordinances of the City of Orange introduced in evidence at the trial of this cause, and with respect only to the territory in conflict, the City of Orange having first acquired jurisdiction over the said territory in conflict, such territory does not constitute a part of the City of West Orange, but constitutes a part of the City of Orange.

"11. That the City of West Orange is not entitled to the injunctive relief prayed for in the trial petition filed herein.

"It Is Further Ordered, Adjudged, Decreed, Determined and Declared that the following described property (being the territory in conflict, having been sought to be annexed by both said cities) is a part of the City of Orange for municipal purposes, and does not constitute a part of the City of West Orange; said property being described as follows:" (Here followed a description of the disputed territory.)

The court further decreed that all other and further relief prayed for by the re-

spective parties is overruled and refused, and taxed the costs against the City of West Orange.

The appellants have duly perfected their appeal to this court for review of the judgment.

The appellants bring their appeal under 13 points of error, but all of their contentions under the various points are thoroughly and carefully presented under their first point. Their brief contains 73 pages, of which the first 67 are devoted to appellants' first point. All of the remaining points presented in their brief refer to and are presented under appellants' first point, the determination of which must decide this appeal.

Appellants' first point is as follows: "The error of the court in refusing to sustain and in overruling the amended plea in abatement of the City of West Orange."

As stated by the appellants in their brief, the allegations in their amended plea in abatement present practically every issue involved in the suit. They present all such issues consecutively as they appear in the respective paragraphs of such plea in abatement. The first two paragraphs of such plea in abatement are in regard to the contention that the individual members of the governing body of the City of West Orange and the State of Texas are improperly joined as parties defendant. Appellants note that since the State was dismissed from the suit prior to the trial, the inclusion of the various City officials of the City of West Orange as defendants is immaterial and these particular issues are not discussed or presented by the appellants. We consider, therefore, the various contentions of the appellants in the order in which they are presented in their brief and in the amended plea in abatement.

■■■ The appellants contend that the amendments to the Charter of the City of Orange effected so many changes in the Charter that the Charter as amended con-

stituted a new Charter. It was conceded by the City of Orange, appellee, that no Charter Commission was named to prepare and submit a new Charter to the voters of the City of Orange. Appellants say that the attempted amendments were therefore void, since none of the statutory requirements were complied with in an effort to frame a new Charter. We do not agree with the contentions of the appellants in this regard. There was sufficient evidence before the trial court to warrant its finding and conclusion that such amendments to the Charter of the City of Orange constituted in fact amendments as distinguished from a new Charter. The original Charter contained seventeen Articles, with eighty-four Sections thereunder. Eight Articles, containing fifty-eight Sections, were not changed by the amendments. Nine Articles, with twenty-six Sections, were changed. The principal change made in the Charter was the adoption of the Commission-Manager form of City government. The power to enact ordinances was not lessened or changed. None of the legislative functions of a City governing body was changed. As a Home Rule city, the City of Orange was empowered by the Constitution to adopt or amend its Charter in any manner which it might desire, so long as it did not conflict with the Constitution and general laws. Municipal Gas Company v. City of Sherman, Tex.Civ. App., 89 S.W.2d 436, citing Davis v. City of Taylor, 123 Tex. 39, 67 S.W.2d 1033. In Moore v. Oklahoma City, 122 Okl. 234, 254 P. 47, it was held that a change in a City Charter from a Commission to Manager form of City government was a valid amendment, as distinguished from forming a new Charter. Since this power of amendment of the Charter of the City of Orange is vested in the will of the voters of that City, and since they have expressed themselves as favoring such a change or amendment to that Charter, a court has no right to override a clearly expressed desire of the people for such amendments except upon a clear showing that such action does violence to some Constitutional

provision. State ex rel. Pecyk v. Greene (State ex rel. Brownlee v. Greene) Ohio App., 114 N.E.2d 922.

■ The appellants next assail the above amendments to the Charter of the City of Orange on the ground that in the Charter amendment election submitted to the voters, the proposition submitting each such amendment on the ballot was legally insufficient. They say that the propositions were not so framed as to give the voters a clear idea of the scope and character thereof. They say that the propositions as submitted in such Charter amendment election did not comply with Article 1170 of the Revised Civil Statutes of Texas, which provides that every amendment submitted must contain only one subject. In the case of Gibson v. City of Orange, 272 S.W.2d 789, writ refused, by this Court, this same contention was made in regard to the same Charter amendment election of the City of Orange. The form of submission of the propositions to the voters was expressly approved in that case. In the opinion the court pointed out that the word "amendment" can be broadly construed as meaning a change accomplished by several amendments of as many Charter provisions, that it need not be limited to a change in a word, sentence or paragraph. This contention is overruled.

■ The appellants also contend that there is no evidence in the record that the above amendments to the Charter of the City of Orange were ever legally adopted by the governing body of the City as required by Article 1170 of the Revised Civil Statutes of Texas. The trial court received in evidence a copy of the Charter of the City of Orange, as amended. Affixed to this instrument was the certificate of the Secretary-Treasurer of the City of Orange that the same was a true and correct copy of the Charter of the City of Orange, together with all amendments thereto. The certificate is dated March 23, 1956. This instrument was received in evidence over the objection of the ap-

pellants that the Charter amendments of July, 1954, amounted to a new Charter and that no Charter Commission for that purpose was named. In their objection to the introduction of such amended Charter, the appellants' counsel offered to introduce in evidence, for the purpose of that exception, "the ordinance adopted by the governing body of the City of Orange setting forth such so-called amendments, which said ordinance was adopted May 14, 1954." We think the contention now made, under the circumstances, shows no merit and this contention of the appellants shows no error. The certificate attached to the original Charter is a prima facie showing of the official adoption of the amendments.

The next contention of the appellants is that the territory sought to be annexed, including the disputed territory here, was not adequately and sufficiently described by metes and bounds in the various annexation ordinances. The trial court found that such description, although defective and containing incorrect calls, was sufficiently certain and definite to determine what territory was in fact annexed and was legally sufficient. We think the evidence in the record is sufficient to support and sustain the fact finding made by the trial court and its conclusion of law that the descriptions assailed are sufficient. A great many maps were introduced in evidence and the originals are before us as exhibits. The City Engineer of the City of Orange testified in detail in regard to the lines called for in the various annexation ordinances. Many of the calls for distances in the descriptions were shown to be incorrect, but in each instance the same descriptions contained calls for monuments and natural objects which can easily be located. By the use of such calls, all the lines of the surveys and annexation descriptions were shown to close and connect. An engineer called by the appellants pointed out the discrepancies as to distances in the various calls, but also testified that the corners and lines called

for in the annexation ordinances could be located by disregarding some calls for distances and locating the monuments called for in such descriptions. We believe this is sufficient in determining the sufficiency of the descriptions and boundaries of land, and particularly in boundaries of a municipality. It is the function of a court to aid construction and validity of such descriptions rather than to destroy them. Length of lines would not appear essential to a description by metes and bounds, since in determining the boundaries of land a call for distance is considered the most unreliable, ordinarily yielding to calls for course and adjoinder, either natural or artificial. See Ostrom v. Jackson, Tex.Civ.App., 127 S.W.2d 987; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231.

The appellants next contend that the annexation by the City of Orange of the territory to the west of its original boundaries by using the right-of-way of Highways 87 and 90 to reach the main body of the land annexed was void, because the territory so annexed did not adjoin the original City limits of the City of Orange. It relies in this contention principally upon the City of Wichita Falls v. Bowen, 175 S.W.2d 732 by the Court of Civil Appeals. In that case the court denounced and held void a similar annexation by the City of Wichita Falls brought about by using a highway as a stem by which it reached out and annexed territory not adjacent to its boundaries. The appellants say that this case was reversed by the Supreme Court on other grounds. As we read the opinion of the Supreme Court in that case, however, City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 698, 154 A.L.R. 1434, it reversed the holding of the Court of Civil Appeals that the use of such a type of annexation rendered the annexation ordinance void. The opinion states, "It is true, as shown by the opinion of the Court of Civil Appeals, that the land here annexed is only joined to the City by a nar-

row neck, but that fact, standing alone, could not render this ordinance void. Neither the statute, Article 1175, supra, nor the charter of the City, defines or provides any length, width, shape, or amount of area of land that the City may annex." We note that the appellants, in their attack upon the ordinances of annexation by the City of Orange, do not contend that the disputed area in this lawsuit does not adjoin areas previously annexed by the City of Orange. It directs its attack upon the ordinances by which the City of Orange first annexed Roselawn Addition and the territory adjacent thereto. This action was taken in 1952, 1953 and 1954. Under the holding of the Supreme Court in City of Wichita Falls v. Bowen, supra, the fact that such an annexation procedure used a connecting stem to reach the annexed territory standing alone did not make such annexations void. It appears to us that any attack on said annexation ordinances, based upon the fact that such a stem was used, would have to be made by some representative of the State on the relation of persons interested in such annexation, showing themselves to be harmed by it and attacking such acts of annexation as an abuse of power and discretion on the part of the City of Orange. The attack of the appellants does not have such a basis. The appellant City of West Orange is contending that it has lawfully annexed the disputed territory, and that although the appellee City of Orange had acquired prior jurisdiction over such disputed territory by attempts at annexation, such attempts at annexation by the City of Orange were void, because those portions of the City of Orange adjacent to the disputed territory were not lawfully annexed previously by the City of Orange. Since the annexation by the City of Orange of the territory comprising Roselawn Addition and adjacent territory was not void because of the fact that a stem was used, standing alone, this attack by the City of West Orange on the original annexation proceeding presents no error.

The appellants next assail the judgment of the trial court and the entire case of the appellee City of Orange, and say that the appellee's suit to annul the annexation of the disputed territory by the City of West Orange constitutes a collateral attack and may not be maintained. We believe that the City of Orange, appellee, was authorized to maintain this suit against the appellant City of West Orange in the nature of a suit for declaratory judgment to determine the validity of its own annexation procedure of the disputed territory. The appellant City of West Orange was asserting jurisdiction over such disputed area as a part of its own territory. The appellee City of Orange first asserted jurisdiction over the disputed area on February 14, 1956, and the appellant City of West Orange first attempted to annex the area February 16, 1956. If all the various steps in process of annexation taken by the City of Orange, appellee, were valid, and we have held above that they were, then there is no question that the disputed territory is a part of the City of Orange, and that any attempt on the part of the appellant City of West Orange to annex it was void. City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928; Couch v. City of Fort Worth, Tex.Civ.App., 287 S.W.2d 255. We believe the evidence before the trial court was amply sufficient to support its findings of fact that the various steps in the annexation processes by the City of Orange made them valid. Since the attempted annexation by the City of West Orange of the disputed territory was void, a suit to establish such fact could be maintained by collateral attack.

The trial court did not declare the Home Rule Charter of the City of West Orange, or any annexations thereunder, to be invalid except as to the disputed territory, but specifically held that, with such exception, the Home Rule Charter of the City of West Orange was legally adopted.

We believe that the appellants have shown no error in the judgment of the trial court. We have read the entire statement of facts and examined the briefs of the parties, including a reply brief of the appellants, filed after submission, and are satisfied that all of the findings of fact and conclusions of law of the trial court as set forth in its judgment are supported by the record and by the authorities presented.

The judgment is accordingly affirmed.