PECOS MINING COMPANY et al., Appellants,

v.

Floyd V. RICHARDSON, Appellee.

No. 6775.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 27, 1958.

Rehearing Denied Dec. 1, 1958.

**4**

Earl R. Parker and Burt Barr, Dallas, for appellants.

Thompson, Knight, Wright & Simmons, Dallas, Timothy E. Kelley and Howard J. Marsh, Dallas, of counsel, for appellee.

PITTS, Chief Justice.

Appellee, Floyd V. Richardson, sued Pecos Mining Company, a corporation, and its named officers and directors for pay for the performance of certain services at or near Grants, New Mexico, by appellee for appellants and for certain expenses incurred in connection therewith, together with a reasonable attorney fee, as agreed upon under the terms of a contract, entered into on or about December 30, 1954, between appellee and one P. R. Jones, a promoter allegedly acting for Pecos Mining Company, with the understanding that Pecos Mining Company would confirm the contract and thereafter on December 30, 1954, the said contract was confirmed by a letter written to appellee and signed by Joseph E. Lewis, secretary of the Pecos Mining Company, with a copy of the said letter having been mailed on 'the same day to Burt Barr, president and director of Pecos Mining Company and one of the attorneys of record representing appellants herein. Appellee actually sought recovery against the named directors of Pecos Mining Company, namely Burt Barr, Gil Herndon, Joseph E. Lewis, Harry Silver, Harold R. Biesel, Alfred M. Jones, John E. Byrne and Joseph M. Montoya, alleging that they as such directors were subsequently likewise trustees in the dissolution of the Pecos Mining Company, or that the Pecos Mining Company was in the process of dissolution, thus making the said directors thereof trustees in dissolution of the same and liable for the corporation obligations. Finally, appellee obtained judgment against the said named directors as trustees in dissolution of Pecos Mining Company and the said directors as such trustees become appellants herein.

In compliance with the terms of the contract, appellee and his employees worked four and one-half days and thus performed

some of the services and incurred some of the expenses when they were suddenly stopped by two men armed with rifles but, under the direction of P. R. Jones, appellee and his employees stood by for seven additional days pending a solution of a dispute between the armed land owners and appellants. Appellee thereafter sought pay under the terms of the contract in question for his services rendered and for expenses incurred while on the job as well as for the time he and his employees stood by under the direction of P. R. Jones, waiting for appellants to clear up the difficulties with the land owners but such difficulties were never cleared up and appellee was never paid by appellant for such services rendered and expenses incurred, which resulted in the filing of this suit.

The case was tried to the court without a jury as a result of which judgment was rendered for appellee as against appellants only as trustees in dissolution of Pecos Mining Company in the sum of $1,377 for services rendered by appellee and expenses incurred, together with an attorney fee of $300, from which judgment the named appellants perfected an appeal and have presented 12 points charging, first, that the judgment was not sustained by sufficient evidence and not supported by the pleadings, followed by charges that the contract was not authorized by the Pecos Mining Company's board of directors and therefore was not binding.

 In our opinion, appellee's pleadings state a good cause of action and we therefore find no fault with such pleadings. Concerning the alleged insufficiency of the evidence, it will be observed that no findings of fact or conclusions of law were requested or filed by the trial court, other than the few findings made in its judgment in support thereof. That being true, it is implied that all other necessary fact findings were made in support of the judgment. Under the facts and circumstances presented here, we are required, in determining the sufficiency of the evidence in support of the implied findings, to consider only that evidence most favorable to the implied findings upon the issues raised and to disregard entirely all evidence to the contrary. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114; North East Texas Motor Lines v. Dickson, 148 Tex. 35, 219 S.W.2d 795, 11 A.L.R.2d 1065. Under the record presented here every issue raised by the evidence must be resolved in favor of the trial court's judgment. 3–B Tex.Jur. 278–79, Sec. 873 and other authorities there cited. The judgment of the trial court will be affirmed if there is evidence to support it upon any reasonable theory authorized by law. Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706; Humphrey v. Southport Pet. Co., Tex.Civ.App., 131 S.W.2d 395; Rasberry v. Jones, Tex.Civ.App., 195 S.W.2d 947, 950. When a court of competent jurisdiction has rendered judgment in a civil case it must be presumed that the judgment appealed from is correct unless the contrary is made to appear affirmatively from a proper record of the proceedings had in the trial court. Smothers v. Gawlik, Tex.Civ.App., 214 S.W.2d 894; Bennett v. Jackson, Tex.Civ. App., 172 S.W.2d 395; Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289, 294. In this case the trial judge was the trier of facts and the sole judge of the credibility of the witnesses and the weight to be given to their testimony and had the right to believe or disregard any evidence. Glenn v. Glenn, Tex.Civ.App., 183 S.W.2d 231; Henwood v. Polis & Hagan, Tex.Civ. App., 231 S.W.2d 720; Shock v. Mrs. Ragsdale's Foods Co., Tex.Civ.App., 228 S.W.2d 353.

Bearing in mind the foregoing rules of law, we find from the evidence that P. R. Jones, a promoter for appellants and a large stockholder of Pecos Mining Company, negotiated a contract with appellee in the presence of one of the directors of Pecos Mining Company and one of the appellants and party defendants in this suit, namely Harold R. Biesel, and there agreed,

subject to the approval of Pecos Mining Company, to use an advanced type of radiation equipment in surveying certain properties appellants had and claimed around and near Grants, New Mexico, in an attempt to evaluate and determine its uranium bearing possibilities. Thereafter, on December 30, 1954, Joseph E. Lewis as secretary of Pecos Mining Company, wrote a letter to appellee confirming and approving the contract in question and mailed a copy of the said letter to Burt Barr, president and director of Pecos Mining Company and an appellant and a party defendant to this suit, who is likewise acting as one of counsel in the suit. Soon thereafter appellee and two of his employees began the work at the designated place and under the terms of the contract and continued such until they were stopped by gunmen as previously herein stated, as a result of which appellee and his employees stood by for several days at the request of P. R. Jones, waiting in vain for appellants to adjust their differences with the armed land owners in order that the work may continue. Appellants have failed and refused to pay appellee for his services and expenses incurred under the terms of the contract, although they got the benefit of appellee's services for the time he and his employees worked, for which reason appellee should be paid on a quantum meruit basis in any event.

Under the record it is our opinion that the trial court was justified in finding and concluding that appellee performed the services as far as he could go under the terms of a binding contract between himself and appellants as trustees in dissolution of Pecos Mining Company, since the record reveals that, in any event, and the trial court was justified in so finding and concluding, that the corporation stockholder, P. R. Jones, one of the corporation directors, Harold R. Biesel, the corporation secretary, Joseph E. Lewis, and the corporation president and director, Burt Barr, all had full information about the existence of the contract in question and its terms, for which reason the trial court was justified in finding and concluding that appellants were bound by the terms of the contract and were obligated to pay appellee for his services and expenses claimed under its terms. But, in any event, the trial court was justified in finding and concluding that appellants were estopped from denying liability because they permitted appellee to proceed under the terms of an apparent valid contract as far as he could go without denying their liability until after this suit was filed by appellee. Appellant, Joseph E. Lewis, testified in effect that he wrote appellee the letter confirming the contract because he thought then he had authority to write a confirmation of the contract and did not know the difference until this suit was filed. He further testified in effect that he mailed a copy of the confirmation letter to Burt Barr, president of the Pecos Mining Company, and the presumption is the letter was delivered. Southland Life Ins. Co. v. Greenwade, Tex.Civ.App., 143 S.W. 2d 648, affirmed 138 Tex. 450, 159 S.W.2d 854. In so far as the record reveals, the other appellants herein who had knowledge of the contract and its terms likewise thought it was binding at the time. Then appellee was certainly justified in believing the contract had been properly executed. The record reveals in effect that appellee asked Jones to see that the contract was properly approved by Pecos Mining Company and Jones told him it would be so confirmed and appellee thought it had been, and in so far as the record reveals appellants did not disavow the contract in question or its terms at any time prior to the filing of this suit by appellee. For these reasons we believe the trial court properly held the contract to be valid. In any event, appellee was justified in believing from apparent authority that the contract was valid and it was no fault of his that he failed to perform its terms in full. We believe the actions of the trial court are supported by the following authorities: Fuller Const. Co. v. Great Southern Life Ins. Co., Tex.

Civ.App., 16 S.W.2d 542, 544 and other authorities there cited; Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031; 10 Tex.Jur. 962, Sec. 308, and the same Volume, 977, Sec. 322.

▇▇▇ The trial court's judgment as a whole has been attacked by appellants but no point or assignment of error has been presented here challenging the award of an attorney fee. In fact, the remainder of appellants' points complain about the alleged admission of improper evidence. It is an elementary rule of law that in a case tried before the court without a jury, it is presumed that the trial court in passing upon the issues considered only the admissible evidence and disregarded any evidence that may not have been properly admitted. Therefore, any evidence that may have been improperly admitted constituted nothing more than a harmless error in any event.

For the reasons stated appellants' points of error are all overruled and the judgment of the trial court is affirmed.