**TEMPLE GRAIN & HAY COMPANY, Inc.,**
**Appellant,**

v.

**THROCKMORTON MILL & ELEVATOR**
**COMPANY, Inc., Appellee.**

No. 3504.

Court of Civil Appeals of Texas.

Eastland.

Oct. 30, 1959.

Rehearing Denied Nov. 20, 1959.

Hay Company, Inc., or its order, before June 5th at $2 per bushel. Plaintiff's testimony was to the effect that it was directed by defendant to deliver the wheat by said time to a Houston warehouse in the name of said defendant, if the warehouse would accept it in defendant's name, otherwise, to deliver it in the name of Cargill Grain Company; that plaintiff delivered several loads of wheat to said warehouse in the name of Cargill, because the warehouse would not accept it in defendant's name; that defendant paid only for the first load and plaintiff had to sell the remainder at the best price obtainable. This suit was for the difference between the value of said wheat at the price it was sold to defendant and the price it was able to obtain for it after defendant refused to accept and pay therefor. In a trial to the court, judgment was rendered for plaintiff and defendant has appealed.

■ Appellant's point is that the court erred in overruling its objections to evidence introduced by plaintiff because it was self-serving and hearsay. Appellant does not comply with the provisions of Texas Rules of Civil Procedure, rule 418, in that, it does not give in its argument a fair, condensed statement of the facts pertinent to its point. It complains of the admission of improper evidence but it does not give "the full substance of such evidence so admitted", as required by said rule. Certainly, the burden is upon appellant to present a record that supports his contention. Mid-Continent Supply Co. v. Conway, Tex.Civ.App., 240 S.W.2d 796 (Ref. N.R.E.); May v. Consolidated Underwriters, Tex.Civ.App., 170 S.W.2d 295 (Ref.W.M.); Sims v. Duncan, Tex.Civ. App., 195 S.W.2d 156, (Ref.N.R.E.). However, appellant does point out the pages in the statement of facts wherein it says the court erred in permitting introduction of self-serving declarations and hearsay evidence.

———◆———

Langford Carlton, Fort Worth, for appellant.

Fred Wright, Throckmorton, for appellee.

GRISSOM, Chief Justice.

Throckmorton Mill and Elevator Company, Inc., sued Temple Grain and Hay Company, Inc., for breach of a contract to buy wheat. Throckmorton Mill and Elevator Company, Inc., contended and produced evidence sufficient to sustain the contention, that they sold a certain grade of wheat to be delivered to Temple Grain and

In an attempt to comply with the spirit of our Supreme Court's decision in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, we have studied the record and considered the complaints with reference to introduction of evidence pointed out by appellant merely by reference to pages in the statement of facts. The trial was to the court and, ordinarily, we should assume that it did not consider improper evidence introduced. However, the court did not err in admitting the evidence complained of. But, in any event, appellant has not shown such error as could cause the rendition of an improper judgment. To illustrate, after plaintiff's witness had testified that defendant instructed it to deliver the grain at the warehouse in defendant's name, if the warehouse would so accept it, and, otherwise, to deliver it in the name of Cargill Grain Company, plaintiff offered proof that the warehouse would not accept the wheat in defendant's name and, therefore, plaintiffs delivered it in Cargill's name, and evidence of the amount so delivered and the price obtained therefor. This testimony was objected to as self-serving and hearsay. We think it was admissible. Appellant complains of the introduction of alleged self-serving and hearsay evidence which it says is shown on page 17 of the statement of facts. That part of the statement of facts shows plaintiff offered to prove what instructions it gave to the truck drivers who carried the wheat to Houston. Defendant objected to the introduction of written instructions on the ground that it was hearsay. The court stated to defendant's counsel that plaintiff was not offering such written instructions, whereupon, the witness testified, without objection, that defendant instructed him to tell the warehouse to take the wheat in defendant's name, but if it refused, to put it in Cargill's name, and that was done. Appellant's point is overruled.

The judgment is affirmed.