**Perry MAY et al., Appellants,**

**v.**

**The CITY OF McKINNEY, Appellee.**

**No. 17825.**

Court of Civil Appeals of Texas, Dallas.

March 16, 1972.

Rehearing Denied April 6, 1972.

Luther Truett, McKinney, for appellants.

William M. Boyd, Boyd, Veigel & Gay, McKinney, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The principal question presented by this appeal is the validity *vel non* of three annexation ordinances enacted by the City Council of the City of McKinney, Collin County, Texas, a home rule city having a population of more than 5,000 inhabitants but less than 25,000 inhabitants.

Perry May, and forty-six other plaintiffs, alleged to be tax-paying property owners of Collin County, Texas, brought this action against the City of McKinney alleging that the city had enacted three separate annexation ordinances in an attempt to annex long meandering strips,

slivers or fingers of land 10 feet in width and ranging from one mile to three miles in length, and running out in all directions from the City of McKinney "like a long-legged spider or octopus"; that each of said ordinances was void on its face; that judgment should be rendered declaring such ordinances void and invalid and that the City of McKinney be perpetually enjoined from exercising or claiming any municipal authority or annexation jurisdiction over any part of the territory attempted to be annexed by the ordinances in question.

The case was submitted to the court, without the intervention of a jury, and following the introduction of evidence and stipulations of counsel, the court rendered judgment denying the relief sought by plaintiffs.

Appellants complain of the action of the trial court in twenty points of error divided into three general categories:

1. The error of the court in refusing to hold the ordinances void because the property sought to be annexed was not adjacent and contiguous to the City of McKinney and also not within the extraterritorial jurisdiction of the City of McKinney (points I, II, III, V, VI, VII, IX, X, XI, XV, XVI, XVIII, XIX, and XX);

2. The error of the court in refusing to hold the ordinances void because of lack of statutory notice (points IV, XIV and XVII);

3. The error of the court in making certain findings of fact (points VII, VIII, IX, X, XI, and XII).

■ Under their primary group of points appellants argue that while the City of McKinney, a home rule city, admittedly has the right to annex territory, it is bound by the provisions of Article 970a, sec. 3, subd. A(2) and sec. 7A, Vernon's Tex. Rev.Civ.Stat.Ann., which provide that a city may annex territory only within the con-

fines of its extraterritorial jurisdiction and that the extraterritorial jurisdiction of Mc-Kinney (being a city having a population of 5,000 but less than 25,000 inhabitants) shall consist of the contiguous unincorporated area, not a part of any other city, within one mile of the corporate limits of such city. Appellants also argue that such power to annex is governed by Article 1175, V.A.C. S., which, in section 2 thereof limits the power to provide for the extension of boundary limits and the annexation of additional territory to that lying adjacent to such city. Appellants contend that the effect of the three annexation ordinances violates both the adjacency provision and extraterritorial limitations and the ordinances are therefore void.

The facts relating to the three annexation ordinances are undisputed. Ordinance No. 745 was passed and approved by the City Council of the City of McKinney on March 9, 1970 and annexes twelve separate strips of land, each strip being 10 feet wide at the point of contact with the existing limits of the city and extending outward for a distance of 5,280 feet, or one mile. Each of these strips constitutes a part of the right of way of public roads or highways. Ordinance No. 748 was passed and approved May 4, 1970 and annexes twenty-two tracts or strips of land, each being 10 feet wide and 5,280 feet long. Part of these tracts attach to the ends of the original twelve strips annexed by Ordinance No. 745, while others go back and contact the city limits at 10-foot wide strips. Each of these strips is on the right of way on roads or highways. Ordinance No. 759 was passed and approved October 19, 1970 and annexed sixteen tracts of land, each being 10 feet wide and 5,280 feet in length. Some of these tracts attach at the ends of the prior annexed strips while others go back to the original city limits for points of contact. Each of these strips is within the right of way of roads and highways. No private property was annexed by any of the ordinances.

The following is a copy of a map of the City of McKinney and the territory which was annexed by the three named ordinances, such map being introduced into evidence before the trial court as Plaintiffs' Exhibit E:

While the map graphically illustrates the rather unique and unusual plan of annexation exercised by the City of McKinney by extending mile-long finger-like strips in every direction around the limits of the municipality, yet we find no legal basis for

the contention advanced by appellants that the various ordinances are obviously void.

The right of the City of McKinney, a home rule city, to annex any territory is derived from Article 11, section 5 of the Constitution of Texas which restrains the exercise of legislative powers only to the extent that same shall not be inconsistent with the Constitution or general laws enacted by the legislature. Article 1175, sec. 2, V.A.C.S., as well as the charter of the City of McKinney, grants to such city the legislative power to annex territory "lying adjacent to said city" and Article 970a, sec. 7, subd. A, V.A.C.S., grants to a home rule city the power to annex territory only within the confines of its extraterritorial jurisdiction which, as applied to McKinney, is defined in section 3, subd. A(2), Article 970a, V.A.C.S., as being an area within one mile of the corporate limits of said city. Thus it would appear to be without question that the only limitations placed upon the City of McKinney to annex territory within its extraterritorial jurisdiction of one mile would be that such annexed territory is "adjacent thereto" and not a part of any other municipality. State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780 (1957); City of Irving v. Callaway, 363 S.W.2d 832, 835 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.), and cases therein cited. Appellants do not contend that the second restriction, having to do with the annexation of territory of other cities, has any application here. This leaves the only question as to whether the statutory limitation of "contiguity" has been violated by the City of McKinney by the various ordinances under attack.

Appellants lay great stress upon the plan of annexation exercised by McKinney of taking in mile-long 10 feet wide strips described by appellants as "octopus or finger-like" around the city limits of the City of McKinney as being contrary to the intent of the legislature relating to "adjacency". While such annexation plan may appear to be unusual yet we find no basis in law for sustaining appellants' contention. In the case of the City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695 (1944), our Supreme Court considered an attack upon a similar ordinance passed by the City of Wichita Falls wherein such city annexed two areas containing United States Air Force bases and such territories were joined to the city by a stem, 100 to 120 feet wide at the line of the city limits and extending for some three or four miles along a public highway before the balance of the annexed territory spreads out and comprises several hundred acres of land. The Supreme Court, in upholding such annexation, said:

"Since the City enacted it [the annexation ordinance] under constitutional, statutory, and charter authority, it cannot be void. Unless it is void, it can be questioned only by a direct suit in the nature of a quo warranto proceeding, or in a proceeding to which the State is a party. 30 Tex.Jur. p. 37, § 35; Tod v. City of Houston, Tex.Com.App., 276 S. W. 419, and authorities there cited; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231. It is true, as shown by the opinion of the Court of Civil Appeals, that the land here annexed is only joined to the City by a narrow neck, but that fact, standing alone, could not render this ordinance void. Neither the statute, Article 1175, supra, nor the charter of the City, defines or provides any length, width, shape, or amount of area of land that the City may annex. It must follow, therefore, that any attack on this annexation ordinance, on account of the shape of the area included therein, if it can be made at all, a matter we do not decide, must be made in a direct proceeding to which the State is a party."

The court also said that where the annexed territory was within the right of way of a public highway that such annexed territory becomes a public street of the municipality.

In City of Houston v. Houston Endowment, Inc., 428 S.W.2d 706 (Tex.Civ.App.,

Houston (1st Dist.) 1968), the annexation ordinance of the City of Houston was attacked both on the issue of contiguity and extraterritorial jurisdiction. There the strip of land was 150 feet wide and six and one-eighth miles long. The court, in upholding the annexation ordinance followed the Supreme Court opinion in Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780 (1957), in holding that the question of whether annexed territory is contiguous is a law question and in deciding same the courts will determine whether or not it lies "in the neighborhood of" or "in the vicinity of" and contiguous to the annexing city. The court then held that where only one tract of a contiguous body adjoins the corporate limits this is sufficient to satisfy the element of contiguity. The court also followed the Wichita Falls v. Bowen case, supra, and Lefler v. City of Dallas, 177 S.W.2d 231 (Tex.Civ. App., Dallas 1943), in holding that the length, width, shape or amount of area of land that a city may annex is of no consequence and that even if the annexed strip is only joined to the city by a narrow neck such constitutes "adjacent and contiguous" as a matter of law. See also State ex rel. City of West Orange v. City of Orange, 300 S.W.2d 705 (Tex.Civ.App., Beaumont 1957, writ ref'd n. r. e.).

The Supreme Court in Fox Development Co. v. City of San Antonio, 468 S.W.2d 338 (1971) held contrary to appellants' contention and clearly supports the judgment of the trial court. In that case the City of San Antonio passed a group of ordinances having the effect of extending the city limits a distance of five miles coextensive with various highway rights of way, and generally described as "spoke" ordinances. A typical "spoke" touched the city limits for a distance of 116.16 feet and extended out five miles on U. S. Highway 281, embracing an area of .11 square mile. The area annexed is not included within and does not touch the city limits of any other municipality. Neither does it include any privately owned or occupied land in the area. Fox Development Company attacked the ordinances contending that same were void as being repugnant to the contiguity or adjacency provision of the statute. It also argued that there could be no purpose for the annexation other than that of extending the extraterritorial jurisdiction of the city, and that the city had not alleged or established any legal justification for the annexation.

After pointing out that the petitioner had the burden in its collateral attack of showing that the ordinance in question is void pursuant to authority of Deacon v. City of Euless, 405 S.W.2d 59 (Tex.Sup. 1966); Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134 (1948); and City of Irving v. Callaway, 363 S.W.2d 832 (Tex.Civ. App., Dallas 1962, writ ref'd n. r. e.), the Supreme Court proceeded to review the authorities relied upon by petitioner Fox, and being the same authorities, in part, as relied upon by appellants in this case. The Supreme Court then reiterated the rule that the land annexed to a city may not be of any particular length, width, shape or size, and held that the City of San Antonio had a perfect right to annex the territory in the form of strips. The court said:

"The 1963 Municipal Annexation Act, Article 970a, is controlling here and is consistent with these court decisions. Section 3 of the 1963 Act establishes the extra-territorial jurisdiction of the various population classes of cities in the State in terms of 'the contiguous unincorporated area, not a part of any other city.' It is territory within this prescribed extraterritorial jurisdiction which Section 7 of the 1963 Act says a city may annex. There is no suggestion in the decisions of our courts that there may be legal non-adjacency, notwithstanding actual contiguity, where annexation by, or adjacency to only one city is involved."

The principal cases relied upon by appellants such as City of Pasadena v. State ex rel. City of Houston, 442 S.W.2d 325

(Tex.Sup.1969).; Irving v. Dallas County, 383 S.W.2d 571 (Tex.Sup.1964); Arlington v. Grand Prairie, 451 S.W.2d 284 (Tex. Civ.App., Fort Worth 1970), involve the question of conflict of annexation ordinances between two separate municipalities, not an issue in the instant appeal.

We hold that the ordinances of the City of McKinney, Texas under attack are not void since the territory annexed was contiguous and adjacent to the city limits at the time of passage of each of said ordinances, and further that the territory included in the annexation ordinances, at the time they were enacted by the city, did not exceed the extraterritorial jurisdiction of the City of McKinney.

■ In their second group of points (IV, XIV, and XVII) appellants attack the validity of the ordinances in question because of alleged invalidity or insufficiency of notice given by the city prior to the enactment of the various ordinances. These points relate to irregularities in the annexation proceedings and the law is well settled that in a collateral attack such as this such matters may not properly be raised. This suit was instituted by appellants in their individual capacities and the State of Texas is not a party. It is not an action in quo warranto. As this court said in Lefler v. City of Dallas, 177 S.W.2d 231 (Tex. Civ.App., Dallas 1943, writ ref'd n. r. e.), appellants, to maintain a collateral attack, must show an entire want of power on the part of the city to annex and it is not sufficient to allege a mere irregularity in the exercise of annexation authority. To the same effect see State ex rel. City of West Orange v. City of Orange, 300 S.W.2d 705 (Tex.Civ.App., Beaumont 1957, writ ref'd n. r. e.) and Fox Development Co. v. City of San Antonio, 468 S.W.2d 338 (Tex.Sup. 1971).

■ Even though the matter is not properly presented we have considered the questions presented by appellants relative to notice, description, etc., and are of the opinion that the City of McKinney substantially conformed to the provisions of the annexation statutes, and its own charter, in publishing notices relative to the annexation of the various tracts.

■ In their final group of points (VII, VIII, IX, X, XI and XII) appellants attack various findings of fact and conclusions of law filed by the trial court primarily on the grounds that such findings and conclusions are (1) contrary to stipulations of the parties; and (2) not supported by the evidence.

The record reveals that the parties entered into a number of stipulations prior to trial, but a careful reading of these stipulations convinces us that they were not intended to be stipulations of all of the facts which might be adduced upon the trial of the case, nor was it intended that the stipulations should preclude the trial court from hearing and considering other testimony. The stipulations merely eliminated the necessity for proving such facts contained in the stipulations. After the stipulations were filed the trial court, sitting without a jury, proceeded to hear a volume of evidence from witnesses, as well as documentary, in addition to the facts stipulated by the parties. The evidence thus presented was conflicting in many regards and the trial court resolved such conflicts based not only upon the stipulated facts but upon evidence properly admitted during the trial of the case. In passing upon these issues it is presumed that the trial court considered only admissible evidence and disregarded any that may not have been properly admitted. Pecos Mining Co. v. Richardson, 318 S.W.2d 3 (Tex.Civ.App., Amarillo 1958) and Temple Grain & Hay Co., Inc. v. Throckmorton Mill & Elevator Co., Inc., 328 S.W.2d 819 (Tex.Civ.App., Eastland 1959).

■ We have carefully examined the record in this case and find sufficient evidence to support each of the findings of fact made by the trial court. Appellants' points are overruled.

We have carefully considered all of appellants' points of error and find that no reversible error is revealed by any of them so that the judgment of the trial court is affirmed.

Affirmed.