**CITY OF WICHITA FALLS,**
Texas, Appellant,

v.

**STATE of Texas ex rel. Richard VOGTSBERGER, Appellee.**

No. 17636.

Court of Civil Appeals of Texas, Fort Worth.

July 11, 1975.

Rehearing Denied Sept. 12, 1975.

**620**

H. P. Hodge, Jr., City Atty., Wichita Falls, for appellant.

Paul O. Wylie, County Atty. Archer County, Archer City, and Douthitt & Mitchell, and Frank J. Douthitt, Henrietta, for appellee.

## OPINION

MASSEY, Chief Justice.

The City of Wichita Falls accomplished procedure whereby it purported to annex certain territory lying in Wichita and Archer Counties, all to the southeast of its previously existent corporate limits wholly within Wichita County. There was no validation statute applicable thereto prior to the institution of this suit in *Quo Warranto* by the State of Texas upon the relation of Richard Vogtsberger. The suit constituted a direct attack upon the validity of the annexation.

Trial was to the court without a jury. Judgment was rendered to the effect that the City's annexation be set aside and annulled, and the City appealed.

We affirm.

■ We have concluded that while there was error, nevertheless there were two persisting grounds upon which the judgment should be affirmed. One reason is because, under the state of the record, there was want of requisite notice of the pendency of annexation proceedings. The other is because the City's Ordinance No. 2756 purported to annex territory which was not (and impliedly was factually found not to have been) "adjacent" to the pre-existent city limits. "Adjacency" would be a necessary requisite for valid annexation.

The points where the territory intended to be annexed touched the pre-existent boundary line of the City consisted in the width of U. S. Highway No. 281 as it entered the City from the south. For our purposes the width may be treated as 125 feet. From said pre-existent boundary line the "finger of land" sought to be annexed "took-off"—with such width as constant—down the highway toward the south, thence into open country to the east, and ending at the west boundary line of a tract of land called the H. & T. C. R.R. Survey, a distance of approximately 3.5 miles from the points of adjacency to the City of Wichita Falls.

■ One predicate for the judgment by the trial court was the holding among the Conclusions of Law filed that the description of the land to be annexed by Ordinance No. 2756 was insufficient. With this holding we disagree. It is our opinion that by *State v. Wofford*, 90 Tex. 514, 39 S.W. 921 (1897), and by *Lower Nueces River Water Supply Dist. v. Cartwright*, 274 S.W.2d 199, 204, 205 (San Antonio Civ.App., 1954, writ ref., n. r. e.) that in a construc-

tion of the subject matter of the ordinance we should treat as certain that which might be made certain, exactly as would be the requirement in the construction of a statute. In a statutory construction it is the duty of a court, where it is possible, to ascertain the intent of the legislative body which has acted and when so ascertained to give effect to the intent; that there is not a requirement for the specificity which is the requirements of deeds. See also the authorities cited in *State v. City of Fort Worth*, 339 S.W.2d 707, 709 (Fort Worth Civ.App., 1960, writ ref., n. r. e.). We believe that in the present instance the intent of the City in its enactment of Ordinance No. 2756 might be made certain. We therefore sustain the City's contention.

In comport with what is written in the foregoing paragraph, notice given to the public pursuant to the attempted annexation proceedings would in the ordinary case have been sufficient. There would have been sufficiency of notice in so far as it described the property to be annexed.

However, in the instant case we have the peculiar situation where the positive showing is by the partial Statement of Facts before us. In other words, it is not made to appear that we have before us on the appeal all that was before the trial court as evidence. And while we have the court's Conclusions of Law there are no Findings of Fact. At least one of the Conclusions of Law would indicate that denial of due process of the law as provided by our Constitution might lie in the court's implied fact finding that there was want of adequacy of notice to citizens whose rights would be adversely affected by the annexation, and also to the State whose right-of-way on Highway No. 281 was intended to be annexed.

We know that there were Admissions of Fact by the parties filed upon request made therefor. And the Stipulations of Fact to which the parties agreed were reduced to writing and filed. These, along with the exhibits separately filed, constitute the Statement of Facts on appeal. But the foregoing does not necessarily constitute the whole of the evidentiary matter. Nothing anywhere in the record evidences that it did constitute the whole evidence before the trial court.

The judgment reads, in material part, as follows: ". . . the parties entered their appearance by counsel and the exhibits were introduced and evidence stipulated; thereafter, the stipulations, including the proof of the exhibits, were reduced to writing and filed in the record herein; attorneys . . . submitted Memorandum or Trial Briefs, . . . after considering all of the competent evidence, exhibits, briefs and arguments of counsel, the Court is of the opinion that judgment should be entered herein for Petitioner; . . . ." So in the judgment where the court speaks of exhibits introduced and evidence stipulated it is left uncertain whether the whole of the evidence or only some of the evidence was stipulated. In such a circumstance, there being nothing elsewhere in the record in clarification, and since presumptions to be made are such as would support and not impair the judgment of the trial court, we consider ourselves obliged to read the judgment as to the effect that "some of the evidence" was stipulated, not that all the evidence was encompassed by the stipulation.

The result is that we must presume that the newspaper of the City of Wichita Falls, in which there was publication of the notice of the intended annexation (the City's Charter providing merely that there be publication in a newspaper of general circulation published in the City of Wichita Falls), was in the instant case shown by evidence *not* to have been a publication of general circulation in the territory proposed to be annexed outside the City and in part outside Wichita County—in Archer County lying to the south, the location of property of a number of persons affected, including that of the Relator in the case. The form of our statement is

correct because it was the State's burden to prove the negative and not the City's burden to prove that the newspaper by which there was publication of notice did have general circulation in the territory annexed. 47 Tex.Jur.2d, p. 587, "Quo Warranto", Sec. 23, "Burden of proof".

■ By provisions of V.A.T.S., Art. 970a, "Municipal Annexation Act", Sec. 6, "Notice and hearing—annexation proceedings", the publication of notice must be in a newspaper having general circulation both in the annexing city and also in the territory proposed to be annexed. In this case the City's notice, published in a paper in the City of Wichita Falls, complied with its Charter provision, but in view of the peculiar state of the record it appears that the notice did not comply with the provisions of statutory law protecting persons in or owning property in the area annexed. There was necessity for compliance with the provisions of both the Charter and the statute. Here, therefore, the judgment must be affirmed upon the theory that there was want of proper notice as provided by Art. 970a relative to territory proposed to be annexed, which want is to be presumed to have been proved. Here the article purports to prescribe the due process of law requisite with reference to notice in annexation cases. The contentions of the City are overruled as applied to its "notice" propositions and also upon its "due process" theory.

■ We believe and hold that on and prior to the approval and adoption of Ordinance No. 2756, annexation such as attempted was not merely vulnerable to direct attack as in the instant proceeding, but even to collateral attack. It would be a void annexation because of the legal nonadjacency of the premises intended to be annexed.

■ We may take judicial notice that the City is a Home Rule City, and we know that by our legislative enactments it has been granted certain enumerated powers as such. By V.A.T.S., Art. 1175, the power to annex additional territory *lying*

*adjacent* to its incorporated boundaries was granted to it. Only such powers granted to it by the legislature may it possess and not additional or contradictory powers, for these would be reserved to the State as representative of its citizens. Therefore it was only land *lying adjacent* to the City's former boundaries which it had the power to annex.

In 1970, Justice Brewster of this Court made an exhaustive search into the state of the law in the attempt to resolve the question of whether an attempt by a municipality to annex territory was void. Culmination was the conclusion that an ordinance which purported to annex a strip of land 50 feet wide at the point it was adjacent to an existent municipality, and then "took off across country for 12½ miles and ended up by adjoining onto the limits of the City of Mansfield" was void for want of that adjacency requisite to the exercise of the power of annexation by Art. 1175. *City of Arlington v. City of Grand Prairie*, 451 S.W.2d 284 (Fort Worth Civ.App., 1970, writ ref., n. r. e.). Therein those authorities which we believe controlling as applied to this case are referred to and relied upon.

It is the exercise of authority by the municipality seeking to effect annexation with which Art. 1175 deals. We reject the argument by the City that the rule of *City of Arlington v. City of Grand Prairie* should not be applied because all the cases relied upon involved contests between municipalities and did not involve situations where no municipality contested the annexation of territory by another. Furthermore there would not be a material distinction to be made in a case where one municipality contested the validity of annexation attempted by another from a case in which the contest was by the State pursuant to a suit *in Quo Warranto*.

The City relies on the decision and opinion in *May v. City of McKinney*, 479 S.W.2d 114 (Dallas Civ.App., 1972, writ ref., n. r. e.). This is a most interesting case where the City of McKinney extended its bounda-

ries by annexing areas consisting of "fingers of land" which were the highways/roadways and rights-of-way thereof leading from existent city limits in all directions away from that city, and for a distance of exactly one mile. The suit was a collateral, and not a direct attack, and it was filed by land owners whose property abutted upon the highway/roadway rights-of-way annexed. None of them had their property taken by the annexation (though their use of their own neighboring land would suffer regulatory burdens pursuant to the extra-territorial jurisdiction of the City following annexation). The State of Texas was not made a party to the suit. The Dallas Court of Civil Appeals held that the City's annexations were not void so as to be subject to collateral attack. The holding of the court was that the one-mile territorial extensions were contiguous and adjacent to the City's boundaries as theretofore existent, and, as such, were not void so as to be subject to collateral attack. Such had been the judgment of the trial court in the case, and its judgment was affirmed.

There obviously are hypothetical circumstances where the question of whether a finger or fingers of land sought to be annexed are or are not "adjacent" to pre-existent municipal boundaries would be a question of fact upon determination of which a proper judgment depended. It seems to us that in the City of McKinney case the trial court might have factually concluded, and probably did conclude factually, that there was the requisite "adjacency" entitling the City to annex the fingers of the land there involved. Conversely, in the instant case we have the conclusion of law (which might be treated as having been based upon a finding of fact) that there was not the requisite "adjacency" entitling the City of Wichita Falls to annex the finger of land running into Archer County. Here, if the judgment of the trial court be unsupported as a legal proposition it would nevertheless find support as a one where there had been resolved the fact question upon "adjacency". The presumed finding was in favor of

the State upon evidence justifying the conclusion that the requisite "adjacency" did not exist in this case.

In any event we find nothing in City of McKinney which necessarily conflicts with our decision here.

There were other Ordinances purporting to annex additional tracts of land which are under attack, but it is conceded that if the trial court was correct in its judgment as applied to Ordinance No. 2756 on the ground of want of "adjacency" then such other ordinances and annexations would necessarily be invalid since their validity depended upon proper annexation of territory by Ordinance No. 2756. The City's contentions as applied to Ordinance No. 2756 having been overruled by such a holding, its contentions of validity of the other ordinances are overruled as a consequence.

It is contended in this case that the trial court erred in holding that there was want of compliance with provisions relative to annexation in the City's own Charter and that the judgment might be upheld on that ground. We agree that the trial court did err, though that does not alter the necessity to affirm the judgment.

■ The language of the Charter directs that where enlargement of existent city boundary lines are proposed by an annexation ordinance that the ordinance describe the boundaries of the entire city as it would be enlarged in the event the proposed annexation be accomplished, etc. However, there is furthermore provided by the ordinance "as an alternative method of enlarging and extending the corporate limits" that the board of aldermen of the city shall have the power by ordinance to provide for the alteration and extension of the City's boundary limits and that upon conformity with certain rules relative to notice and hearing (not in question for these purposes) the boundary limits of the City shall thereafter be fixed as designated in the ordinance.

By the rules of statutory construction it is our holding that such alternative method authorized the City to annex additional territory in the same general manner as customarily used by other municipalities, i. e., by ordinance describing only the property to be annexed without necessity to additionally describe the boundaries of the entire City following accomplishment of the proposed annexation. The part of the charter requiring that an annexation ordinance describe the entire City as enlarged by its adoption is not spelled out as matter unnecessary to be made a part thereof, but we deem such to be necessarily implied by the "alternative method" prescribed. Therefore, the contention of the City is sustained.

Nevertheless, for other reasons stated, our sustaining the contention above considered does not entitle the City to have reversal.

Judgment is affirmed.

March 28, 1975

OPINION ON MOTION FOR REHEARING OF MOTION TO EXTEND TIME FOR FILING STATEMENT OF FACTS

Our opinion filed February 21, 1975, relative to extension of time within which to file statement of facts in this case, is withdrawn with the following substituted therefor:

The motion under scrutiny is labeled "Motion to Extend Time for Filing Statement of Facts". Immediately, it would appear, the duty of this Appellate Court would be to test its sufficiency under the provisions of T.R.C.P. 386, "Time to File Transcript and Statement of Facts", or, this being a case in *quo warranto*, T.R.C.P. 384, "Appeal in Quo Warranto Proceedings".

Under Rule 386 this Court recently had occasion to examine the state of the law relative to what is necessary if one might be found by a Court of Civil Appeals to be entitled to an extension of time provided by the Rule; and, furthermore, the occasions when the Court of Civil Appeals would not be entitled to make any fact finding upon the existence of good cause for delay because of failure to raise fact issues thereupon, but would be committing reversible error by granting extensions of time within which to file some part of the appellate record. See opinion of this Court in *Home Fund, Inc. v. Garland*, 520 S.W.2d 939 delivered February 21, 1975. There would be like application of Rule 384.

If Rule 384 or Rule 386 applied in the instant case there would be an absence of entitlement to grant any extension of time to file the instrument denominated "Statement of Facts" because of the failure to raise a fact issue upon which we would be privileged to find good cause for delay. By the examination of the record as exhibited by the Transcript, which was timely filed, we have concluded that what appellant desires to have admitted is something other than the Statement of Facts contemplated by Rules 384 and 386.

T.R.C.P. 378, "Agreed Statement", provides that where the parties have agreed upon a statement of the facts proved in the trial court, etc., it shall be copied into the Transcript in lieu of the proceedings (as a substitute for Statement of Facts). We have found in the Transcript an instrument denominated "Stipulation of Facts", reduced to writing and signed by the parties as contemplated by Rule 378.

In view of the "Stipulation of Facts" embodied in the Transcript the appellant had actually timely filed the Statement of Facts contemplated by Rules 384 and 386.

Thus it is not the Statement of Facts contemplated by Rules 384 and 386 that is the subject of the motion of appellant but a "Supplement" to the Statement of Facts already on file.

T.R.C.P. 428, "Amendment: Record" is the Rule which has application under these circumstances. Thereunder is provided that if anything material to either party is omitted from the Transcript or Statement of Facts, the parties by stipulation, or the trial court or the appellate court, may direct a supplemental record to be certified and transmitted supplying such omitted matter.

Application of Rule 428 is especially apparent when it is observed that the instrument which appellant desires leave to file consists solely of exhibits. References to these exhibits are made in the parties' "Stipulation of Facts" which amounts to the Statement of Facts contemplated by Rules 384 and 386.

Thus, as applied to supplementation of the record already existent, i. e. the Statement of Facts already on file, a Court of Civil Appeals is at liberty to permit the instrument to be filed without concern to the question of good cause (at least the good cause contemplated by Rules 384 and 386).

Since we consider the exhibits material we grant appellant's motion and direct the clerk to file the instrument desired to be filed as the Supplemental Statement of Facts under authority of Rule 428.