## DUNCAN v. CITY OF WACO.
### No. 1523.

Court of Civil Appeals of Texas. Waco.
Oct. 18, 1934.

Rehearing Denied Nov. 8, 1934.

J. D. Williamson, of Waco, for appellant.

John McGlasson and Hubert Dunham, both of Waco, for appellee.

ALEXANDER, Justice.

This action was brought by the city of Waco against J. Bruce Duncan to recover taxes alleged to be due by the defendant for the years 1930 and 1931 on certain real and personal property owned by the defendant and situated in Castle Heights addition to the city of Waco. Judgment was for the plaintiff, and the defendant appealed.

The defendant in his answer admitted owning the property in question during the years for which the taxes were regularly assessed, but by way of cross-action attacked the validity of the proceedings by which the limits of the city of Waco were attempted to be extended so as to include said Castle Heights addition. His contention is that the limits of said municipality were never properly extended so as to include within its bounds the property against which the taxes were assessed.

The city of Waco is incorporated under the Home Rule Amendment (Rev. St. 1925, art. 1165 et seq.). Prior to the year 1929, Castle Heights addition was not within the limits of said city. At that time the city charter provided that the corporate limits could be enlarged and extended by ordinance specifically defining the limits of the city as proposed by such ordinance, and by submitting the question to a vote of the qualified voters residing within such limits as extended. On July 2, 1929, the board of commissioners of said city of its own initiative and in accordance with the provisions of the city charter, passed an ordinance providing for an election to be held on August 13, 1929, for the purpose of determining whether or not the limits of the city should be extended so as to include Castle Heights addition. At said election, which was held in accordance with the provisions of the city charter and of the ordinance ordering same, a majority of the votes cast were in favor of annexation, and, as a result, the city commission immediately passed an ordinance declaring that said elec-

tion had carried and that the city limits had been extended so as to include Castle Heights addition. Prior to the date on which said election was ordered, the Legislature had enacted Vernon's Annotated Civil Statutes, art. 1182a (Acts 41st Leg., Regular Session, c. 110, p. 251), which act provided, in effect, that when the governing body of a city incorporated under the Home Rule Amendment should initiate or order an election to determine whether or not adjacent territory should be annexed, such territory so proposed to be annexed should be separately defined and separate elections held, one within the limits of the city as it then existed and the other within the limits of the territory to be annexed, and that such annexation should not be made unless a majority of the voters voting in each of said elections should favor such annexation. At said election at which it was attempted to include Castle Heights addition within the limits of said city, the territory to be annexed was not separately defined and no attempt was made to ascertain the will of the voters residing within such new territory, separate from that of the voters residing within the old city limits. In other words, but one election was held and that was within the old city limits, at which election the qualified voters residing therein, as well as those residing within the territory proposed to be annexed, were allowed to vote. No separate record was kept for the purpose of ascertaining the will of the voters residing within the territory proposed to be annexed. After said election had been held and the ordinance passed extending the city limits so as to include the territory in question, the city took charge of said territory and has exercised control over same continuously since said date. In 1931, the appellant and several other citizens residing within the annexed territory brought suit in their individual capacities to have the purported annexation declared void, but said suit has never been tried. There has never been any quo warranto proceedings brought by the state or in its name attacking the city's right to control over the territory in question.

From what has been said, it is apparent that at the time Castle Heights addition was attempted to be annexed to the city of Waco, there then existed a valid law authorizing the extension of the city limits by ordinance after first submitting the question as to such extension to the voters at an election held for that purpose; that there was an attempt to comply with the law and at least a colora-

ble and substantial compliance therewith. Under these circumstances it seems to be the well established holding of our Supreme Court that the attempted annexation of said territory was not void so as to subject same to an attack by a taxpayer such as is here attempted, but said proceedings were at most merely voidable so as to render same subject to attack only in a direct suit in the nature of quo warranto brought for that specific purpose by the state or in its name. Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91, and cases there cited. Consequently, the defendant could not lawfully attack the validity of said annexation proceedings by cross-action in the manner attempted by him. Since no question is raised otherwise attacking the regularity of the proceeding by which the property was assessed for taxes, the judgment of the trial court must be affirmed.

Our holding on the above proposition renders it unnecessary for us to determine the numerous other questions raised in the briefs.

The judgment of the trial court is affirmed.