## J. Bruce Duncan v. City of Waco.

No. 6850. Decided April 3, 1935.
Rehearing overruled May 15, 1935.
(81 S. W., 2d Series, 57.)

*J. D. Williamson,* of Waco, for plaintiff in error.

Where a State law is passed which provides the manner and method to be followed in the annexation of territory or extension of city limits of a city incorporated under the Home Rule Amendment to the Constitution of the class of the City of Waco that law must be followed in the extension of the limits of said city and if the limits be extended contrary to such law, such extension is void and the attempted annexation of territory thereby can be attacked in a proceeding by injunction to restrain the assessment and collection of taxes or in defense of a suit for taxes illegally assessed and attempted to be collected on such property. Missouri, K. & T. Ry. Co. v. Tolbert, 100 Texas, 483; Lum v. City of Bowie, 18 S. W., 142; Parks v. Wets, 102 Texas, 11; Mesquite Ind. Sch. Dist. v. Gross, 67 S. W. (2d) 242; Huff v. City of Wichita Falls, 48 S. W. (2d) 580.

The special act of the Legislature (42nd Leg. Spec. Laws, page 280) attempting to validate the annexation of additional territory by cities which had by amendment to their charters extended their corporate limits in violation of the Act of the 41st Legislature, was unconstitutional and void, being in effect a retroactive law, and the annexation being in violation of the law a property owner could by injunction restrain the assessment and collection of taxes levy thereunder. Masterson v. Town of Hedley, 265 S. W., 406; Town of Pleasanton v. Vance, 261 S. W., 457; Eustis v. City of Henrietta, 90 Texas, 468.

*John McGlasson*, City Attorney, *Hubert D. Dunham*, Asst. City Attorney, both of Waco, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The City of Waco is incorporated under what is known as the Home Rule Amendment. By its charter provisions its corporate limits could be extended and additional territory added to the city by an election, proposed by ordinance; the question being submitted to the qualified voters within the limits of the entire city as extended. The Castle Heights Addition to the City of Waco was in this manner incorporated into the city by an election held on August 13, 1929. Just prior to this election the Legislature had enacted what is now Article 1182a of Vernon's Annotated Revised Civil Statutes, providing a method for the annexation of additional territory to certain cities. This Act was in effect when the election was ordered and held, and the election was not in accordance

with this statute, but in accordance with the previously existing charter provisions of the City of Waco.

The City of Waco for the years 1930 and 1931 levied taxes in the manner provided by law on property in its limits, including property in what was formerly Castle Heights Addition. This suit was instituted by the City of Waco to recover delinquent taxes on property of plaintiff in error, J. Bruce Duncan, for the years 1930 and 1931, said property being situated entirely within what was formerly Castle Heights. Plaintiff in error resisted the collection of said taxes on the ground that they were unlawfully levied, because the attempted annexation of Castle Heights Addition to the City of Waco was void; such attempted annexation being by a method contrary to the method provided by general statute. The trial court rendered judgment in favor of the city and this judgment was affirmed by the Court of Civil Appeals. 75 S. W. (2d) 702.

As we have concluded that the judgment of the Court of Civil Appeals should be affirmed for a reason not noted in the opinion, it is unnecessary to discuss the questions upon which the writ of error was granted.

On May 5, 1931, the Legislature passed a curative act as follows:

"Section 1. That all ordinances and proceedings, and all actions and proceedings and contracts, taken or made in pursuance thereof, of any city having a population of more than twenty-five hundred (2500) inhabitants as shown by the last preceding Federal Census, which have been heretofore passed since the passage of Chapter 110 of the 41st Legislature of the State of Texas of 1929, providing for the extension of corporate limits of such city, are hereby ratified and confirmed, such extensions and actions, proceedings and contracts, taken or made in pursuance thereof, shall be deemed and held valid in all respects to the same extent as if done under legislative authority, previously given.

"Sec. 2. The fact that the Acts of the 41st Legislature, Chapter 110, with reference to annexation of additional territory made uncertain the procedure to be taken for the extension of limits of certain cities and it is uncertain as to what cities said Act may apply, and the Home Rule Amendment to the Constitution authorized cities to proceed to adopt their own Charter and in the adoption of the Charter certain cities have provided the manner of the extension of city limits and, since the passage of the Act of the 41st Legislature herein referred to, certain cities have undertaken in good faith to extend their

corporate limits in accordance with provisions of their Charter and, by reason of the uncertainty of the Act of the 41st Legislature herein referred to, makes the status of such territory sought to be annexed uncertain and Acts and ordinances and bond issues of said city may be questioned although made in good faith and in strict compliance with the provisions of the Charter and all other laws of the State of Texas with, reference thereto, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three separate days be suspended, and such Rule is suspended and this Act shall take effect and be in force from and after the date of its passage, and it is so enacted."

This was undoubtedly a general statute, and applied to the City of Waco. There can be no question but that the Legislature was authorized, when it enacted the Enabling Act under which the City Charter of Waco was adopted, to empower the City of Waco to enlarge its boundaries in the manner in which they were enlarged in this instance. This is evident from the fact that the Legislature afterwards promulgated another method by which annexation of additional territory was to be made, which method plaintiff in error is invoking in order to show that the action of the city was void. This being true, it is the settled law of this State that a curative statute, such as is set out above, is sufficient to make the Act which is validated valid from its inception, together with its bonds and taxes. Pyote Independent School District v. Dyer, 34 S. W. (2d) 578; Lyford Independent School District v. Willamar Independent School District, 34 S. W. (2d) 854; State v. Bradford, 121 Texas, 515, 50 S. W. (2d) 1078; Anderson County Road District No. 8 v. Pollard, 116 Texas, 547, 289 S. W., 381; Tom Green County v. Moody, 116 Texas, 299, and Morris v. City of Conroe, 47 S. W. (2d) 690, in which writ of error was refused.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 3, 1935.

Rehearing overruled May 15, 1935.