**Bert M. JAMISON et al., Appellants,**

v.

**CITY OF PEARLAND, Appellee.**

**No. 4459.**

Court of Civil Appeals of Texas.

Waco.

March 17, 1966.

Rehearing Denied April 7, 1966.

C. Wayne Holder, Freeport, Jack Harrison, Alvin, for appellants.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., Robert R. Randolph, Houston, for appellee.

WILSON, Justice.

Summary judgment was rendered for the city in this action seeking to restrain it from exercising municipal control over land described in ordinances purporting to annex the land to the city. Plaintiff contended the annexed land did not adjoin the city limits. The trial court concluded that the provisions of Arts. 966h and 974d–10, Vernon's Ann.Civ.Stats., validated the annexation in any event, and rendered the summary judgment. We affirm.

We assume for the purposes of decision that there was a fact issue as to whether the land in controversy adjoined the limits of the city before each of the annexation ordinances was passed. We are pointed to no evidence showing the land was not ad-

joining the boundaries of the city at the time each was finally adopted. The undisputed evidence establishes the land described in each then adjoined the original boundaries. Art. 974, Vernon's Ann.Civ.St., applicable to appellee, provides that when a majority of the qualified inhabitants "of any territory adjoining the limits" of any city incorporated as was appellee vote to become a part of the city, the territory may be received as a part of the city under other requirements specified.[1]

We assume also, as the parties do, but without deciding, that but for the effective validation of the ordinances in question by the Acts first referred to above, they would be void under such decisions as City of Irving v. Callaway, Tex.Civ.App., 363 S.W. 2d 832, writ ref., n. r. e. and cases cited. See State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780.

Under the contentions of the parties we are relegated to a determination of whether the provisions of Arts. 966h and 974d–10 serve to validate the annexation ordinances, assuming they are otherwise void. The former statute provides that the "areas and boundary lines" of affected cities including "any subsequent extension thereof are in all things validated", and that any subsequent extension of corporate limits should not be held invalid "because of the inclusion in such limits of more territory than is expressly authorized in Article 971" (which limits area in proportion to population). It declares also that "All governmental proceedings and acts performed by the governing bodies of such cities and towns" since attempted incorporation are validated. Art. 974d–10 contains a general provision (Sec. 3) similar to that last quoted from Art. 966h. Its other sections are not applicable.

 The Legislature may ratify what it could have authorized originally, absent

---

1. Art. 1175, V.A.C.S., applicable to Home Rule Cities, in enumerating powers, provides authority to such cities to annex

additional territory "lying adjacent to said city."

constitutional prohibition. Perkins v. State, (Tex.Sup., 1963), 367 S.W.2d 140, 145; State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065, 1078.

■ Curative or remedial legislation, such as Art. 966h, is to be "given the most comprehensive and liberal construction possible." City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273, 280; 2 Sutherland, Statutory Construction, (3d ed.) Sec. 2214, p. 138; 53 Tex.Jur.2d Statutes, Sec. 20, p. 36.

■ Art. 966h, in our opinion, validated any deficiency complained of in the extension of the boundary lines and the corporate limits of appellee by the ordinances complained of. Duncan v. City of Waco, 125 Tex. 189, 81 S.W.2d 57; State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065; State ex rel. American Manufacturing Co. of Texas v. City of Fort Worth, Tex.Civ.App., 339 S.W.2d 707, writ ref. n. r. e.; Bute v. League City, Tex.Civ.App., 390 S.W.2d 811; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231. Affirmed.