**CITY OF ARLINGTON, Texas, Appellant,**

v.

**CITY OF GRAND PRAIRIE, Texas, Appellee.**

**No. 17093.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 6, 1970.

Rehearing Denied March 13, 1970.

Stanley Wilkes, City Atty., Arlington, Saner, Jack, Sallinger & Nichols, and H. Louis Nichols, Dallas, for appellant.

H. P. Kucera, Dallas, Jerry D. Brownlow, City Atty., Grand Prairie, for appellee.

## OPINION

BREWSTER, Justice.

The City of Grand Prairie sued the City of Arlington seeking to enjoin Arlington from annexing certain land, which we will here call the subject area, and seeking a declaratory judgment declaring the subject area to be a part of the City of Grand Prairie and therefore not subject to being annexed by Arlington. Both cities are Home Rule cities.

A non jury trial was held and the trial judge rendered judgment declaring the subject area to be a part of Grand Prairie and therefore not subject to any attempted annexation by Arlington, and granted a permanent injunction enjoining Arlington from attempting to annex such area.

From this judgment Arlington has appealed.

We affirm the declaratory judgment feature of the trial court's judgment and reverse that part of such judgment granting injunctive relief against Arlington and here render judgment denying Grand Prairie any of the injunctive relief it sought in this case against Arlington.

On November 17, 1955, Grand Prairie adopted on first reading its annexation Ordinance 1039 seeking to annex the subject area. At the time such action was taken the subject area was not located contiguous to the then City limits of Grand Prairie. The scales on the maps in evidence show the nearest City limit of Grand Prairie to be about two miles distant from this subject area and counsel for both sides agreed in their arguments that this was a fact.

■ It is settled in Texas that a city cannot legally annex land that is not adjacent to its city limits. Article 1175, Vernon's Ann.Civ.St.; State v. Texas City, 303 S.W. 2d 780 (Tex.Sup., 1957); City of Houston v. Harris Co. Eastex Oaks W. & S. Dist., 438 S.W.2d 941 (Houston, Tex.Civ.App., 1969, ref., n. r. e.).; and City of Irving v. Callaway, 363 S.W.2d 832 (Dallas, Tex. Civ.App., 1962, ref. n. r. e.).

■ The question of whether or not land sought to be annexed is adjacent to the annexing city's boundaries is a law question. City of Pasadena v. State ex rel. City of Houston, 442 S.W.2d 325 (Tex.Sup., 1969).

The trial court held that the subject area was not adjacent to the City limits of Grand Prairie at the time such Ordinance 1039 was passed on first reading. That holding is correct. City of Irving v. Callaway, supra.

■ The Texas Supreme Court has held that "adjacent" as the word is used in Article 1175, V.A.C.S., means "contiguous and in the neighborhood of or in the vicinity of a municipality." City of Pasadena v. State ex rel. City of Houston, supra, and State v. Texas City, supra.

The location of this subject area did not satisfy these requirements in order to make it adjacent to Grand Prairie's boundaries.

Article II, Sec. 2 of the Home Rule Charter of the City of Grand Prairie also provided that the City Commission should have power to annex territory laying adjacent to such City.

The act of the City Commission of Grand Prairie on November 17, 1955, in adopting its Ordinance 1039 on first reading, seeking to annex this subject area, was therefore void because it sought to annex land which was not adjacent to its City limits in violation of both Article 1175, V.A.C.S., and the provisions of such City's charter. City of Houston v. Harris Co. Eastex Oaks W. & S. Dist., supra.

■ It is true that the subject area at the time Ordinance 1039 was adopted on first reading was contiguous and adjacent to land that Grand Prairie had under first reading under other ordinances that it had previously adopted. But this did not satisfy the requirement that in order for a city to be able to annex certain land that such land

must be adjacent to the city limits of the annexing city. Land included in an annexing ordinance that has been adopted by a city only on first reading is not yet a part of such city. Such land does not become a part of the city until the annexing ordinance has been passed on second and final reading. City of Irving v. Callaway, supra.

■ Before any validating acts that are relied on in this case by the parties to the suit were passed, Arlington passed on first reading on May 16, 1958, an ordinance that annexed a large territory which was adjacent to the then City limits of Arlington and which territory included the subject area which was the subject matter of the Grand Prairie Ordinance 1039. This particular Arlington ordinance was never adopted on second or final reading.

In 1963 the Legislature passed Art. 970a, V.A.C.S. This Statute was known as the Municipal Annexation Act. It provided that any annexation proceeding that was pending on March 15, 1963, that was not completed within 90 days after the Act became effective (thus by November 20, 1963) shall become null and void. Arlington did not ever complete the annexation proceedings that it started by adopting on first reading the May 16, 1958, ordinance that had included the subject area.

When Arlington failed to complete prior to November 20, 1963, this annexation of subject area that it had started on May 16, 1958, the effectiveness of such earlier first reading ordinance of the City of Arlington expired by operation of law. Red Bird Village v. State, 385 S.W.2d 548 (Dallas Civ.App., 1964, writ ref.).

The Supreme Court held in City of Pasadena v. State ex rel. City of Houston, supra, that an annexation proceding that was pending when Art. 970a, V.A.C.S., was passed and which proceeding was not finally completed by November 20, 1963, was thereafter void.

Arlington contends that the trial court committed material error by concluding that

this May 16, 1958, first reading ordinance of the City of Arlington was void. We overrule this contention. Under the Supreme Court holding it was certainly void and of no further effect from and after November 20, 1963.

One contention made by Arlington under its third point is that the trial court erred in holding that the annexation of the subject area under Ordinance 1039 had been validated by Art. 1174e, V.A.C.S.

The trial court concluded that the annexation of the subject area in dispute under Ordinance 1039 by Grand Prairie had been validated by the Legislature under Article 1174e, V.A.C.S.

■ In 1961 the Legislature enacted this validating statute. It provided that it validated all ordinances, resolutions and proceedings passed and adopted prior to March 1, 1961, by a Home Rule City undertaking to annex adjacent and contiguous territory.

We believe and hold that Art. 1174e, V.A.C.S. did not have the effect of validating Grand Prairie's Ordinance 1039 because by the terms of the Statute it only validated those ordinances of a Home Rule City undertaking to annex adjacent and contiguous territory to its corporate limits.

Here, as illustrated and held above, the subject area sought to be annexed by Grand Prairie Ordinance 1039 was neither adjacent to nor was it contiguous to the boundaries of Grand Prairie at the time the ordinance was passed on first reading.

Therefore by the very wording of the validating statute it was inapplicable to the action of the City Commission of Grand Prairie in passing Ordinance 1039 on first reading and did not have the effect of validating the action of such City Commission in passing that ordinance on first reading for the reason that the subject area sought to be annexed by Ordinance 1039 was not contiguous to or adjacent to the City limits of Grand Prairie.

This first reading phase of such Ordinance 1039 is the only part of such annexation proceedings that Art. 1174e could possibly have any application to, because such Ordinance 1039 was not passed on final reading until May 15, 1961. Article 1174e by its own terms limits its validating effect to annexing ordinances passed by Home Rule Cities prior to March 1, 1961. Since Ordinance 1039 was not adopted by Grand Prairie on final reading until May 15, 1961, Art. 1174e did not apply to it because the wording of the statute excluded ordinances passed after March 1, 1961 from the operation of the statute.

■ We also believe and hold that under the record made in this case that at the time Ordinance 1039 was passed on second reading on May 15, 1961, that the subject area was then adjacent to the City limits of Grand Prairie. This is true because the record shows that Ordinance 1128 was finally passed on second reading by Grand Prairie on December 19, 1956, and the land annexed by this ordinance became a part of Grand Prairie and was adjacent to and contiguous to the subject area at the time Ordinance 1039 was finally passed on May 15, 1961. This, however, did not validate the annexation proceedings covered by said Ordinance 1039 because it was also necessary in order for the entire proceedings to be valid, that the land covered by the ordinance be adjacent to the boundaries of Grand Prairie at the time the ordinance was passed on first reading. City of Irving v. Callaway, supra.

We hold to be correct the trial court's conclusion that at the time Ordinance 1039 was adopted on final reading on May 15, 1961, that the land covered by such ordinance was then adjacent to the then permanent City limits of Grand Prairie. We think this holding is correct for the reasons mentioned in the next paragraph above. However, even if subject area was not adjacent to Grand Prairie City limits when Ordinance 1039 was enacted on second reading, we think the same result would be reached because of a later validation act.

Another contention made by Arlington under its third point is that the trial court erred in holding that the Legislature validated Grand Prairie's annexation proceedings of the area in question when it passed Art. 974d–13, V.A.C.S., in 1969.

We overrule this contention. We hold that the Legislature did validate Grand Prairie's annexation proceedings as represented by its Ordinance 1039 in its entirety when it passed the above Statute.

Article 974d–13, Sections 3 and 4 provided:

"Sec. 3. The boundary lines of all such cities and towns, including both the boundary lines covered by the original incorporation proceedings and any subsequent extensions thereof are hereby in all things validated.

"Sec. 4. All governmental proceedings performed by the governing bodies of all such cities and towns and all officers thereof since their incorporation or attempted incorporation are hereby in all respects validated as of the date of such proceedings."

This Statute became effective on March 13, 1969.

Grand Prairie's Ordinance 1039 was passed on first reading on November 17, 1955, and on second reading on May 15, 1961.

Article 974d–13, V.A.C.S., validated incorporations, boundary extensions, and all governmental proceedings performed by the governing bodies of cities and towns falling under the Act.

The following is from the case of Jamison v. City of Pearland, 401 S.W.2d 322 (Waco Tex.Civ.App., 1966, no writ hist.):

"The Legislature may ratify what it could have authorized originally, absent constitutional prohibition. Perkins v. State, (Tex.

Sup., 1963), 367 S.W.2d 140, 145; State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065, 1078.

"Curative or remedial legislation, such as Art. 966h, is to be 'given the most comprehensive and liberal construction possible.' City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273, 280; 2 Sutherland, Statutory Construction, (3d ed.) Sec. 2214, p. 138; 53 Tex.Jur.2d Statutes, Sec. 20, p. 36.

"Art. 966h, in our opinion, validated any deficiency complained of in the extension of the boundary lines and the corporate limits of appellee by the ordinances complained of. Duncan v. City of Waco, 125 Tex. 189, 81 S.W.2d 57; State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065; State ex rel. American Manufacturing Co. of Texas v. City of Fort Worth, Tex.Civ.App., 339 S.W.2d 707, writ ref. n. r. e.; Bute v. League City, Tex.Civ.App., 390 S.W.2d 811; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231. Affirmed."

■ A validating act of the Legislature, in the absence of any constitutional prohibition, and there are none here, can validate all annexation proceedings of a city, even though such annexation proceedings are totally void ab initio. Perkins v. State, 367 S.W.2d 140 (Tex.Sup., 1963); Hunt v. Atkinson, 17 S.W.2d 780 (Tex.Comm.App., 1929); Duncan v. City of Waco, 125 Tex. 189, 81 S.W.2d 57 (Tex.Comm.App., 1935); Mason v. Kansas City, 103 Kan. 275, 173 P. 535 (1918).

If the acts of the Grand Prairie City Commission, in adopting Ordinance 1039, were void, as we have held, at the time the Municipal Annexation Act became effective in 1963, then under the facts of this case at least a part of the subject area at that time became a part of the extra-territorial jurisdiction of the City of Arlington because the Municipal Annexation Act so provided.

And such part of subject area continued to be in Arlington extra-territorial jurisdic-

tion from the effective date of the Municipal Annexation Act in 1963 down to March, 1969, the effective date of the validating act (Art. 974d–13, V.A.C.S.).

This fact did not make any difference in so far as this case is concerned because the validating act (Art. 974d–13, V.A.C.S.) provided in effect that the proceedings that it validated "are hereby in all respects validated as of the date of such proceedings."

■ The two acts of the City Commission of Grand Prairie which we deem to have been validated by this Art. 974d–13, V.A.C.S., were: (1) the Act of the Commission in passing Grand Prairie Ordinance 1039 on first reading on November 17, 1955; and (2) the Act of such Commission in passing that Ordinance 1039 on second reading on May 15, 1961.

When these two acts of the Grand Prairie City Commission were validated by that Statute as of the date of such proceedings then Art. 974d–13, V.A.C.S., had the effect of making subject area an integral part of the City of Grand Prairie as of May 15, 1961, before Art. 970a, V.A.C.S. (the Municipal Annexation Act) became effective.

The Legislature had the power to pass a validating statute that would have the effect indicated above because as was held in Jamison v. City of Pearland, supra, "The Legislature may ratify what it could have authorized originally, absent constitutional prohibition."

What we have said here about Art. 974d–13, V.A.C.S., validating Grand Prairie's annexation proceedings of subject area would be true regardless of whether or not at the time said Ordinance 1039 was passed on second reading the subject area was then adjacent to the boundaries of Grand Prairie. This is true because if subject area was not then adjacent to Grand Prairie, the effect of this would be to render the act of passing Ordinance 1039 on second reading void. We have held that Art. 974d–13,

V.A.C.S., validated such proceeding even if it was void. For this reason, since it does not affect a decision in the case, we have refrained from discussing some of appellant's points relating to whether or not subject area was then adjacent to the limits of Grand Prairie. We overrule such points as being immaterial to a decision here.

In its point 7 Arlington contends that the trial court erred in holding that its Ordinance 1544 was void. Arlington contends that even if it was void that Art. 974d–13, V.A.C.S., passed by the Legislature validated such ordinance.

On August 6, 1963, Arlington adopted Ordinance 1544 on first reading and adopted it on final reading on September 17, 1963. This ordinance purported to annex a strip of land 50 feet wide, which strip adjoined onto the City limits of Arlington for 50 feet and then took off across country for 12½ miles and ended up by adjoining onto the limits of the City of Mansfield on the other end.

On August 6, 1963, Arlington also adopted on first reading Annexing Ordinance 1549 and adopted it on final reading on October 1, 1963. It also covered a 50 foot strip and was connected with Arlington for a distance of only 50 feet on one end and then went down the west side of subject area and and then went on down toward and connected with the City of Mansfield, which ending was about 12½ miles on down the way.

Arlington contends that the adoption of these ordinances effectively cut Grand Prairie off from the subject area to where it is no longer adjacent.

The acts of Arlington in passing both such ordinances were void under the holding of the Supreme Court in City of Pasadena v. State ex rel. City of Houston, supra. That case held void a similar ordinance that annexed a strip of land similar to the ones involved in the two ordinances in question. The ordinance was there held void because the land sought to be annexed was not adjacent to the limits of the annexing city. We hold that these two Arlington Ordinances, 1544 and 1549, are void for the same reason.

Arlington contends that even if this was true that Art. 974d–13, V.A.C.S., validated these ordinances, also.

As indicated above the effect of this validation statute, by its own provisions, was to validate the proceedings that it did validate as of the date of such proceedings.

This being true the effective date on which Grand Prairie's annexation proceedings of subject area were completed under Ordinance 1039 was May 15, 1961. This was the date the City Commission finally passed such ordinance on final reading. As of that date, because of this applicable validation act, this subject area became an integral part of the City of Grand Prairie.

Arlington's Ordinances 1544 and 1549 were both adopted on first and final reading during the year 1963. We hold that a validation of these two Arlington ordinances by the validating act as of the date of such proceedings in 1963 would be ineffective to give Arlington any rights in and to the subject area because the validating act had already made the area in question a part of Grand Prairie as of the year 1961.

The Supreme Court in Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134 (1948) held that in Texas the city that first commences legal proceedings asserting authority over a territory thereby acquires jurisdiction over same, and that this jurisdiction cannot be thereafter defeated by another city later trying to assert jurisdiction over such area.

After the passing of the validation act in question we think the rights of the parties, Grand Prairie and Arlington, to

this subject area were just the same as they would have been had each of their proceedings been valid in the first instance.

In other words, Grand Prairie's annexation proceedings under Ordinance 1039 of the subject area became complete as of May 15, 1961, by virtue of the applicable validating act. As of this date the subject area became an integral part of the City of Grand Prairie.

We hold that under these circumstances Arlington acquired no rights whatever in or to the subject area by virtue of its Ordinances 1544 and 1549 which were not started or passed finally until 1963. We think that this has to be the law for the same reasons that the holding of the Supreme Court in the Beyer case, that is set out above, is the law.

In its point 5 Arlington contends that the trial court erred in holding that Arlington abandoned the annexation of the area described in its ordinance of May 16, 1958, which area included the subject area.

■ The facts are clear relative to what happened to this ordinance. It was passed on first reading on May 16, 1958. It has never to this date been adopted on second or final reading. By the terms of the Municipal Annexation Act, Art. 970a, whatever effect this ordinance had by virtue of being passed on first reading expired by operation of law on November 20, 1963, and was void from and after that date.

In a sense this was an abandonment of such annexation proceedings in that after passing the ordinance on first reading, no more was done relative to it, and the effect created by passing it on first reading was allowed to expire by operation of law. We overrule Arlington's contention in this respect.

The trial court held that Arlington is barred by laches and is estopped to assert any claim to the subject area. Arlington contends that such holding is erroneous.

This record does not present any facts on which it could be held that Arlington is estopped or barred by laches from making claim to this area. No purpose could be served by discussing those matters here other than to unduly lengthen this already long opinion, because even if there was error by the trial court in that respect, it is harmless. Grand Prairie is entitled to win the subject area for the reasons heretofore set out in this opinion regardless of their contentions as to laches and estoppel.

Arlington's 9th point is that the trial court erred in holding that by calling for a hearing to be held by the City Council of Arlington on May 12, 1969 to consider annexing the area in question, Arlington abandoned all other prior ordinances and attempts to annex or claim any of the area in question.

■ The City Council of Arlington did call for such a hearing and the trial court held that by initiating the annexation proceedings which called for the May 12, 1969 hearing on whether to annex subject area, that Arlington abandoned all other prior ordinances and attempts to annex or claim the area in question.

We have been cited to no authority and we have been unable to find any that holds that such conduct by the City Council would have the legal effect of constituting an abandonment by Arlington of all its other prior ordinances and attempts to annex or claim the subject area.

We hold that such conduct would not constitute such an abandonment.

We believe that whether the trial court was right or wrong in its holding on this point is wholly immaterial because what we have heretofore said decides this case. Whether Arlington abandoned its other ordinances as held by the trial court cannot make any difference in a decision here for

the reasons heretofore stated. If such holding was error it is harmless.

By its 10th, 11th, and 12th points, Arlington contends that the trial court erred in granting the injunction feature of the judgment that it rendered in the trial court.

■ In its judgment the trial court permanently enjoined Arlington from in any way interfering or attempting to annex or in any way usurp any jurisdiction or control over subject area.

This injunction was granted on the theory that subject area was already a part of Grand Prairie and that any attempt by Arlington to annex such area would be illegal.

At the time Grand Prairie filed this case on May 12, 1969 all that had occurred was that the City Council of Arlington had published a notice calling for a hearing to be held under Art. 970a, V.A.C.S., on the question of whether or not Arlington should annex the subject area.

We believe that it was error for the trial court to render the injunction feature of the judgment in this case for the reasons cited in the cases just below.

The following is from City of Dallas v. Couchman, 249 S.W. 234 (Dallas Civ.App., 1923, writ ref.): "The decree of the court, therefore, enjoins a legislative act of the board of commissioners. It is well settled by the authorities in this state that a court of equity will not lend its processes to the accomplishment of this character of interference by injunction with the legislative functions of a municipal corporation; the corporation being endowed with such functions by special legislative authority. The rule is that the enactment of a void ordinance will not be enjoined, although its invalidity clearly appears, unless it also clearly appears that the mere enactment of the ordinance of itself will work irreparable injury without the intervention of some wrongful act under its authority. The enactment of an ordinance by the legisla-

tive body of a city is a sovereign act of government. It is the exercise of duly conferred legislative authority. It is an expression of the will of the Legislature through the instrumentality of the board of commissioners, upon which the Legislature has chosen to confer a part of the governmental power reposed in it. Since our system of government is divided into the legislative, executive, and judicial departments, whose spheres are clearly defined, no one of them, and least of all the judicial department, should attempt to exceed the limits set about it and invade by such interference the domain of another. The mere enactment of an ordinance of the nature of that under consideration could not operate to impair any of the rights of appellees. If it were void, that fact alone would work no injury. Only after acts were impending or steps were already taken to construct the tracks could the basis for the relief here sought exist. When such exigency arose, then, and not before, in any event, could the authority of a court be invoked to restrain the injury. City of Dallas v. Dallas Consol. Electric St. Ry. Co., 105 Tex. 337, 148 S.W. 292; Garitty v. Halbert (Tex.Civ.App.) 225 S.W. 196."

To the same effect are Garitty v. Halbert, 225 S.W. 196 (Dallas Civ.App., 1920, no writ. hist.) and City of Dallas v. Dallas Consolidated Electric St. Ry. Co., 148 S. W. 292 (Tex.Sup., 1912). See also 39 Tex. Jur.2d, p. 594, Sec. 266.

■ By its 13th point Arlington says the trial court erred in admitting into evidence over objection plaintiff's Exhibits 19 to 35, inclusive, same being studies made by the City of Grand Prairie, over the objection that they were hearsay as to the City of Arlington.

We do not believe that these exhibits were admissible. However, this was a nonjury trial of a complicated case and the trial judge very wisely overruled Arlington's objections to such exhibits in order to give himself time to study the question

of whether or not he should consider them in deciding the case. With the law as it is on this point we believe that it is wise for a trial judge to follow such procedures when the ruling is difficult.

The following is from 57 Tex.Jur.2d, p. 328, Sec. 571: "But the same strictness in applying rules regarding the admission of evidence * * * is not required in a case tried by the judge alone as in a jury case. The judge may receive evidence tentatively, and disregard it when it is shown to be inadmissible.

"On appeal from conclusions or findings of the court, where there is independent evidence supporting the judgment, it is presumed that the trial judge disregarded evidence improperly received, and that the inadmissible evidence was harmless, unless prejudice is shown to have resulted."

 In this opinion we have set out the reasons why we hold the subject area to be a part of the City of Grand Prairie. There is certainly evidence in the case other than that contained in these complained of exhibits that go to establish the facts material to such holding. We therefore presume that the trial court considered only such admissible evidence in arriving at a decision on the declaratory judgment feature of this case. Certainly no reversible error is presented in connection with this point.

From what has been said above we affirm all of that part of the trial court's judgment that declares the rights of the parties relative to the matters in dispute between them and that declares the subject area to be an integral part of the City of Grand Prairie. That part of the trial court judgment that grants injunctive relief against Arlington is hereby in all respects reversed and judgment here rendered denying Grand Prairie any of the injunctive relief it sought in this case.

Costs of court are taxed equally against both parties to the suit.