CITY OF FORNEY, Appellant,

v.

ESTATE OF J. W. PINSON et al., Appellees.

No. 8611.

Court of Civil Appeals of Texas, Texarkana.

Nov. 7, 1978.

Rehearing Denied Dec. 5, 1978.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Fred Kolodey, James W. Massie, III, Kolodey & Thomas, Dallas, for appellees.

HUTCHINSON, Justice.

This suit was instituted by appellees, landowners, against the appellant, City of Forney, seeking to have four 1960 annexa- tion ordinances declared invalid. Appellees and appellant each filed motions for sum- mary judgment. The trial court granted appellees' motion and entered its judgment declaring the four 1960 annexation ordi- nances unconstitutional and in all things null and void *ab initio*. Appellant's motion was overruled and it has perfected this ap- peal.

In 1960, appellant's city council became concerned that the rapid growth of cities to its west would hinder its own growth unless it annexed the property of the appellees. At that time appellant had a population of less than 5,000 inhabitants and was unable to annex appellees' property unless a major- ity of the inhabitants and qualified voters of such property petitioned appellant for annexation. In order to induce the owners and inhabitants of such properties to peti- tion for annexation, appellant city agreed with the appellees and others that as a condition of such annexation and as a part thereof the annexed property would not be taxed by the appellant at a rate greater than $.10 per acre per year until such time as the appellant furnished the property with sewage, water, and fire protection, including fire plugs. It was further agreed that the property owners and future inhab- itants thereof would not be entitled to all the rights and privileges of other of appel- lant's citizens until such time as the proper- ties were developed and approved by appel- lant. Appellant further agreed that the owners and future inhabitants of such prop- erty would not be bound by the acts and ordinances of appellant until such time as the properties were developed and ap- proved. Appellant then caused its attorney to prepare the annexation petitions and the annexation ordinances each of which set forth therein the above agreements. The ordinances were subsequently enacted. In 1975, appellant city commenced assessing the properties on the same basis as other property within the city. This suit was instituted on August 18, 1976.

Appellant readily admits those portions of the four ordinances providing for a dif- ferent plan of taxation than other property

within its limits, persons residing thereon would not have the same rights and privileges as other inhabitants and persons residing in such area would not be bound by appellant's ordinances are invalid as being in violation of Article III, § 1 of the Texas Constitution, Article 974g, Tex.Rev.Civ. Stat.Ann., and Article I, § 19 of the Constitution of the State of Texas. Appellant urges that the illegal portions of the ordinances be severed therefrom, leaving the annexation portions legally remaining.

Appellant city and the appellees apparently are in agreement that the applicable law governing the facts of this case is set forth in the cases of *W. U. T. Co. v. State of Texas,* 62 Tex. 630 (1884), as reaffirmed in *Maxon v. Franz,* 525 S.W.2d 714 (Tex.Civ. App. Houston-14th Dist. 1975, writ ref'd n. r. e.); *San Antonio Independent School District v. State,* 173 S.W. 525 (Tex.Civ.App. San Antonio 1915, writ ref'd); and *City of Taylor v. Taylor Bedding Manufacturing Co.,* 215 S.W.2d 215 (Tex.Civ.App. Austin 1948, writ ref'd).

In *W. U. T. Co. v. State of Texas,* supra, the Texas Supreme Court said:

> "When, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, dependent on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other. . . The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but, whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must stand."

The following is taken from *San Antonio Independent School District v. State,* supra:

> "Holding that the part of the local act of 1913, constituting the school board of San Antonio, is unconstitutional in so far as it endeavors to increase the tenure of office to more than two years, does not necessarily carry with it the decision that the whole act is unconstitutional and void, for where part of a statute is unconstitutional and the remainder is constitutional, if the two parts can be possibly separated courts should do so, and not permit the invalid part to destroy the whole law. If, after the elimination of the invalid part of the law, there remains an intelligible and valid statute capable of being placed in execution and conforming to the general purpose and intent of the Legislature, the law will not be destroyed, but held to be valid and binding except as to the excised part. . . .
>
> 'Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. The constitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall.' "

In *City of Taylor v. Taylor Bedding Manufacturing Co.,* supra, an ordinance allowed a 3% discount on ad valorem taxes due to the city if no delinquent taxes were then due. The Austin Court of Civil Appeals struck that portion of the ordinance that imposed the requirement of no delinquent taxes before the grant of the discount and left the remainder of the ordinances in effect saying:

> "The elimination of that portion of the ordinance relating to delinquent taxes leaves a valid, complete and workable law of the character contemplated by the Constitution and provided for by the Legislature."

■ It thus appears that in order to preserve the remaining parts of an ordinance after the invalid parts have been severed, there must remain an intelligible and valid ordinance capable of being placed in execution and conforming to the *general purpose* and *intent* of the enacting body. *City of Fort Worth v. Atlas Enterprises,* 311 S.W.2d 922 (Tex.Civ.App. Fort Worth 1958, writ ref'd n. r. e.); *City of Clute v. Linscomb,* 446 S.W.2d 377 (Tex.Civ.App. Houston-1st Dist. 1969, no writ); *State Ex Rel. Ratcliff v. City of Hurst,* 458 S.W.2d 696 (Tex.Civ.App. Fort Worth 1970, writ ref'd n. r. e.).

The above is supported by *State Ex Rel. American Manufacturing Company of Texas v. City of Fort Worth,* 314 S.W.2d 335 (Tex.Civ.App. Fort Worth 1958, no writ). There the City of Fort Worth by ordinance annexed certain lands, a portion of which had been previously annexed by the City of Saginaw. It was argued that the court should exclude that portion already annexed from the ordinance and approve the annexation of the remainder. This the court refused to do saying:

"Had Fort Worth known such territory had been annexed previously by Saginaw, it might or might not have annexed the remaining area, or it might or might not have annexed a part of the territory not included in the Town of Saginaw. That is a matter for the City Council of the City of Fort Worth to determine."

■ The intent of the City Council to annex, and the request of the appellees to be annexed, is clearly conditioned upon the provisions that the inhabitants of the areas to be annexed would pay the limited ad valorem tax. Also in 1960, such ordinances could not have been adopted by appellant without the approval of the appellees. It is clear that the general purpose and intent of the appellant city in 1960 was to limit taxation of appellees' properties and it is quite evident that appellees would not have petitioned to be annexed without the tax limitation provisions. In other words, the appellant city in 1960 would not have passed the annexation ordinances without the tax

limitation provisions. The ordinances here, deleted of their unconstitutional provisions, certainly do not represent the purpose and the intent of the city council of appellant at the time of their adoption.

■ Appellant next contends the four ordinances have been validated by Articles 966h, 974d–9, 974d–10, 974d–11, 974d–13, 974d–19, 974d–21 and 974d–22, Tex.Rev.Civ. Stat.Ann. In view of our holding above that the unconstitutional portions of the ordinances cannot be severed, we must now hold that the validating acts cannot be resorted to. See *City of Grand Prairie v. Turner,* 515 S.W.2d 19 (Tex.Civ.App. Dallas 1974, writ ref'd n. r. e.), wherein it is stated:

"We address ourselves first to the effect of the said validating act. Such an act has the effect of validating annexations of a city, even though such annexation proceedings were totally void *ab initio,* unless the annexation is contrary to the Constitution. *City of Arlington v. City of Grand Prairie,* 451 S.W.2d 284, 290 (Tex. Civ.App. Fort Worth 1970, writ ref'd n. r. e.). . . ."

■ We next consider the question of whether or not the appellees' cause of action has been barred by the two and four year statutes of limitations since the ordinances were enacted in 1960 and were not questioned until 1976 when this suit was filed. The defense of limitations was not presented to the court below at the combined hearing on the motions for summary judgment and could properly be considered as waived by appellant. However, it will be stated that it is the opinion of this Court that no unconstitutional ordinance can become valid simply by going unquestioned for more than four years.

The judgment of the court before is affirmed.